E. S. Stotts, Appellant, v. Fred N. Miller.

Sale of land: COMMISSION: BURDEN OF PROOF. A real estate broker
1  who agrees to find a purchaser at a stated price and upon
   terms satisfactory to the owner, has the burden of showing a
   binding contract of sale to entitle him to his commission; and
   where the contract was for an exchange of properties subject
   to an inspection and that failure to inspect within a specified
   time should render the contract binding, proof of such failure
   was a part of the agent's main case in a suit for the com-
   mission.

Act of one joint broker: EFFECT. Where two agents jointly con-
2  tract to effect a sale of land on commission, each is bound by
   any act of the other in relation to the subject matter.

Exchange of property: INSPECTION: REJECTION. Where a contract
3  for exchange of land provides that the property shall be ac-
   cepted if upon examination it proves satisfactory, and upon in-
   spection the same is in good faith rejected, the grounds of the
   rejection cannot be inquired into.

*Appeal from Dallas District Court.*— Hon. J. H. Apple-
gate, Judge.

Saturday, October 21, 1905.

Action to recover commission for the sale of real es-
tate. Verdict and judgment for defendant. Plaintiff ap-
peals.— *Affirmed.*

*Cardell & Fahey,* for appellant.

*White, Clarke & Clarke,* for appellee.

McClain, J.— Plaintiff alleges that he was employed,
in connection with one J. K. Olds, to find for defendant a
purchaser for certain described real estate of defendant, on
the basis of a specified price per acre, and upon terms satis-
factory to defendant, and that the right of said Olds to com-

pensation under the contract has been assigned to him, and he seeks to establish the right of himself and Olds to such compensation by alleging and proving that defendant entered into a binding contract with one Dilenbeck for the exchange of the property referred to for said land of Dilenbeck, situated in North Dakota. The contract between Dilenbeck and defendant was made "subject to inspection of land furnished by each party, if inspection is made within fifteen days. Otherwise, if the land is not inspected at once, the trade is considered closed."

The first error assigned is in an instruction of the court to the effect that the burden was on the plaintiff to establish the failure of defendant to examine the lands of Dilenbeck in North Dakota. Under the issues the bur-

1. SALE OF LAND: commissions; burden of proof.

den unquestionably was on the plaintiff to make out a binding contract between Dilenbeck and defendant, and it is plain under the pleadings and the evidence that, unless this contract became binding by reason of the failure of defendant to examine the Dilenbeck land, there was no binding contract between the parties and no sale was made entitling the plaintiff to a commission, for it is conceded that defendant refused to accept the Dilenbeck land under the contract between them. As plaintiff's right to recover therefor would not be made out without proof that the contract between defendant and Dilenbeck became binding by reason of the failure of defendant to inspect the Dilenbeck land, we think it clear that, to entitle plaintiff to recover, this fact must be established affirmatively by him. The instruction was therefore correct. Other objections are made on account of failure to properly instruct the jury that the burden of showing an excuse for failure to inspect the Dilenbeck land was on the defendant, but what has just been said disposes of all such objections.

Complaint is also made of an instruction relating to the effect of evidence tending to show that Olds undertook to conduct defendant to the Dilenbeck land in North Dakota.

for the purpose of inspection, and that, by reason of a storm rendering it impracticable for defendant and Olds to proceed to the Dilenbeck land, it was agreed between defendant and Olds that other land, as-assumed to be of the same character, should be inspected by defendant for the purpose of determining whether he would accept the Dilenbeck land. The objection made to this instruction substantially is that Olds could not bind the plaintiff by any arrangements made with defendant. But, so far as the plaintiff claims as assignee of Olds, any action of Olds with reference to the earning of a commission would be binding on plaintiff; and, so far as plaintiff claims in his own right, he would also, as we think, be bound by the action of Olds, for he alleges that the contract was made with him, in connection with Olds, to find for defendant a purchaser, and evidently plaintiff and Olds as joint contracting parties would be bound, each by the action of the other in relation to the subject-matter. Each would be entitled to the benefit of the acts of the other, and each must clearly be subject to any defense under the contract arising out of the action of the other with reference to its performance. If Olds, attempting to conduct defendant to the Dilenbeck land for the purpose of having him inspect and accept it under the contract between him and Dilenbeck, suggested and consented that defendant should examine other lands of the same character, and defendant on making such examination elected to reject the Dilenbeck land, we do not see how plaintiff can complain. We think, therefore, that the instruction was correct.

Counsel for appellant further complain of the construction placed by the court on the contract between defendant and Dilenbeck to the effect that defendant had the right to reject the land on inspection without any good reason for doing so, but we think it is well settled that, where parties agree that property shall be accepted if satisfactory, the property may be rejected in

*[Margin note beside paragraph: 2. ACT OF ONE JOINT BROKER: effect.]*

*[Margin note beside paragraph: 3. EXCHANGE OF PROPERTY: inspection: rejection.]*

good faith because unsatisfactory, and that the grounds of rejection cannot be inquired into. *Inman Mfg. Co. v. American Cereal Co.*, 124 Iowa, 737. If, therefore, defendant by arrangement with Olds inspected lands assumed by them to be of the same general character and exercised his option under the contract between him and Dilenbeck to reject the Dilenbeck land, the grounds for rejection could not be inquired into by the jury in the absence of any contention that such rejection was not in good faith. That the contract between defendant and Dilenbeck employed language authorizing defendant to reject the Dilenbeck land if on examination he was not satisfied with them seems to us perfectly clear. What object could there have been in providing for such inspection if defendant was bound to take the Dilenbeck land without inspection?

We find no error in the instructions complained of, and no other errors are urged.

The judgment is therefore *affirmed*.