PHILIP LIBERMAN *vs.* ANSEL A. BECKWITH.

Second Judicial District, Norwich, October Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

An executory agreement for the sale of real estate provided in express and unqualified terms that it should not bind the prospective purchaser unless the title should be "satisfactory to him"; and that the landowner should refund money paid to him by the prospective purchaser in anticipation of the fulfilment of the agreement, if he was "not satisfied with the title." *Held* that the prospective buyer was the sole judge of his own state of mind, and that if he was honestly dissatisfied with the title and so expressed himself to the owner he was not bound to take the property and was entitled to a return of the money he had paid, regardless of the soundness or unreasonableness of the objections for his dissatisfaction.

Undoubtedly a party cannot avoid such a contract by a dishonest and

fraudulent assertion of dissatisfaction; but the mere fact that a jury believes the vendee's dissatisfaction is unreasonable does not justify them in inferring his dishonesty.

Argued October 17th—decided December 18th, 1906.

ACTION on written contract to recover money agreed to be repaid, brought to the Superior Court in New London County and tried to the jury before *Thayer, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

The plaintiff and defendant executed the following agreement: " Ansel A. Beckwith, of Norwich, Conn., agrees to sell and convey, by good and sufficient warranty deed, to Philip Liberman of the city of New York, who agrees to buy the land and buildings, situated in said Norwich and bounded northerly by Water Street and land of the estate of Henry B. Norton, easterly by land of Henry B. Norton's estate, southerly by the Thames River and westerly by land of the estate of Charles N. Farnham deceased, subject to railroad right of way across the same, owned by the Norwich and Worcester Railroad Co., and a mortgage to the Dime Savings Bank for 11,000.00 dollars, which mortgage the said Philip Liberman is to assume as part of the consideration of this conveyance.

" The price is to be $22,050.00 to be paid by the assumption of said mortgage and the payment in cash of $11,050.00 by said Philip Liberman. Deed to be given and money paid on February 10th, 1905. There has been paid by said Philip Liberman to said Ansel A. Beckwith to-day $1,000.00 of said $11,050.00. For said consideration the said A. A. Beckwith is to convey all the machinery, tools, scales and implements in said building, the steam engine and boiler, 2 grist mills, one cob mill, 7 elevators, 3 conveyors, 3 reels, one hopper scale and all the shafting, belting and pulleys in said building. Also 2 wagons, 2 double harnesses, 1 single harness, 3 horses. Also all the furniture in the office except one roller-top desk. Also the siding railway track to the premises from the main track across the land of the estate of Henry B. Norton and all the

rights and privileges on and over the Norton land, conveyed to me by Henry B. Norton and subject to the provisions of said Norton conveyance.

"The buyer is not to be bound by this contract, unless the title to the property is satisfactory to him. If either party to this contract is not able to complete this sale by giving the said conveyance on said 10th day of February, 1905, or paying the price on said date, then the deed may be given, or the price paid at any time within ten days from said 10th day of February, 1905. In case the said Philip Liberman is not satisfied with the title, the $1,000.00 paid by said Liberman on this contract is to be returned by said Ansel A. Beckwith to said Philip Liberman.

"Dated at Norwich, this 21st day of January, A. D. 1905.

                                        "A. A. BECKWITH,
                                        "PHILIP LIBERMAN.
"Witnesses:
        "WM. H. SHIELDS,
        "FRANK N. GARDNER."

On January 21st, 1905, in accordance with this contract, the plaintiff paid the defendant $1,000. On February 10th, 1905, the plaintiff notified the defendant that he was not satisfied with the title, and demanded a return of the $1,000 paid, which demand was refused. This action is brought to recover said $1,000. All the allegations of the complaint are admitted by the answer, except the allegation that "the title to said property was not satisfactory to the plaintiff," which is denied.

The appeal assigns error in the refusal of the court to charge in accordance with plaintiff's request; in the charge as given; and in the rulings during the trial.

*William H. Shields*, for the appellant (plaintiff).

*Donald G. Perkins*, for the appellee (defendant).

HAMERSLEY, J. It is competent for parties to a contract for sale to agree that the thing which is the subject

of the contract shall be satisfactory to the vendee, and that the contract shall not be binding on the vendee unless, after examination of the thing or at the time fixed for delivery and payment, the vendee is satisfied with the thing. When the intention to make such an agreement is clearly expressed in a contract for sale, the vendor cannot enforce the contract and recover the agreed price unless the vendee is satisfied with the thing. In an action against the vendee it is not enough that the court can say he ought to be satisfied with it and that his dissatisfaction is unreasonable. He, and not the court, is entitled to judge of that. *Zaleski* v. *Clark*, 44 Conn. 218, 223; *Hartford* v. *Hartford Electric Light Co.*, 65 id. 324, 334, 32 Atl. 925. In the latter case the parties had made a contract for the sale of electric light for a period of five years, and had agreed that in case the vendee should not be satisfied with the manner in which the vendor performed his part of the contract the vendee might terminate the same by giving the prescribed written notice; and it was held that the vendee was the sole judge of performance by the vendor. This principle has been recognized and enforced in other jurisdictions. *McCarren* v. *McNulty*, 7 Gray (Mass.) 139; *Brown* v. *Foster*, 113 Mass. 136; *Gibson* v. *Cranage*, 39 Mich. 49; *Wood R. & M. Machine Co.* v. *Smith*, 50 Mich. 565, 15 N. W. 906; *McClure* v. *Briggs*, 58 Vt. 82, 2 Atl. 583; *Exhaust Ventilator Co.* v. *Chicago, M. & St. P. Ry. Co.*, 66 Wis. 218, 28 N. W. 343; *Seeley* v. *Welles*, 120 Pa. St. 69, 13 Atl. 736; *Singerly* v. *Thayer*, 108 Pa. St. 291, 2 Atl. 230; *Andrews* v. *Belfield*, 2 C. B. (N. S.) 779; *Hawkins* v. *Graham*, 149 Mass. 284, 21 N. E. 312; *Latrobe* v. *Winans*, 89 Md. 636, 650, 43 Atl. 829; *Silsby Mfg. Co.* v. *Chico*, 24 Fed. Rep. 893, 894.

In cases where the contract for sale is of such a nature that the vendor must lose the whole or the greater part of the value of the thing agreed to be sold if the contract is not executed, that fact may be given consideration in determining the intention of the parties as expressed in the contract. *Hawkins* v. *Graham*, 149 Mass. 284, 21 N. E.

312.   Such consideration cannot be invoked in the present case, as the failure of the contract involves no such apparent loss to the vendor, and the language used is too clear to permit modification, through construction, as in a doubtful case.

It was claimed in argument that title to land cannot be a subject of sale within the application of the principle established in *Zaleski* v. *Clark*, 44 Conn. 218.   This is not so.   Title is the right to, or ownership in, land.   The sale of land involves the sale of title and is effected by the transfer of title.   *Botsford* v. *Morehouse*, 4 Conn. 550, 551 ; *Shelton* v. *Alcox,* 11 id. 240, 248.   Titles sold and transferred may be good, bad, or doubtful, absolute or limited. The same title may be satisfactory to one purchaser and not to another.   One might be quite willing to buy a doubtful title, while another would not be satisfied with a marketable title so limited as to involve a special risk of litigation in his use of the property purchased.

We think that the intent of the plaintiff and defendant, as expressed in the contract sued upon, is that the defendant binds himself to sell and convey, by a sufficient deed, to the plaintiff, his (the defendant's) title to the land described, incumbered as specified, for the price named, on February 10th, 1905, or within ten days thereafter ; that the plaintiff binds himself to purchase the same upon said terms if, on February 10th, he (the plaintiff) is satisfied with said title ; that the plaintiff is not bound unless the title is then satisfactory to him, and that the defendant, in clear and unequivocal terms, binds himself to return to the plaintiff the $1,000 paid to the defendant in anticipation of the sale being consummated, in case the plaintiff is not satisfied with the title.

In this action to recover said $1,000, it was incumbent on the plaintiff to prove that on February 10th he was dissatisfied with the defendant's title and so notified him, and demanded the return of said $1,000.   It appears from the record that upon the trial the plaintiff testified that on February 9th he came to Norwich, bringing with him the

amount of the purchase price in the form of a certified check; that on said day the lawyer previously employed by him reported to him that the defendant's title, in addition to the incumbrances mentioned in the contract, was limited by restrictions upon the use of the wharf on Thames River and upon the erection of buildings upon a considerable portion of the land, and that there existed other defects in the title; that upon the following day, February 10th, the title became and was unsatisfactory to him and that he was not satisfied with the title, and so notified the defendant in writing and requested the return of the $1,000. It further appears that the defendant offered evidence to prove and claimed to have proved, that the day before the contract was executed the plaintiff's attention was called to the restrictions upon the defendant's title relating to the use of the wharf and to building on the land, and that the other defects in the title reported to the plaintiff by his counsel did not in fact exist. The defendant claimed that the plaintiff had really no dissatisfaction with the title, and that the dissatisfaction expressed was a pretense to get out of his contract with the defendant. No direct evidence was offered to sustain the claim that the plaintiff had really no dissatisfaction with the title, but the defendant based the claim upon the alleged inference of fact to be drawn from the facts claimed to have been proved, viz., that the plaintiff, prior to the execution of the contract, saw the property and had his attention called to the admitted restrictions upon the title in relation to the wharf and building on the land, and that the other defects reported to the plaintiff did not in fact exist. In this state of the evidence and claims the plaintiff requested the court to charge the jury as follows: " The written agreement between the parties upon which this suit is brought provides in express terms that the plaintiff Liberman shall not be bound by the contract to purchase the Beckwith property unless the title to the same is satisfactory to Liberman. Whether the title to the real estate is satisfactory to Liberman or not can only be determined by Liberman

himself, for by the contract he is the person who is to be satisfied with the title he is to accept.

"The sufficiency of the reasons given by Liberman for his dissatisfaction with the title to the real estate cannot be decided by the jury, for that would be to make the title dependent on its being satisfactory to others instead of Liberman himself as the contract requires.

"If, therefore, the jury should find that Liberman on February 10th, 1905, the day fixed for giving the deed and paying the purchase price, was not satisfied with the title to the real estate and so informed the defendant Beckwith and requested the return of the $1,000 to him, the contract to purchase then ceased to be binding on Liberman and Liberman became entitled to have the $1,000 that was paid down returned to him."

The plaintiff was clearly entitled to a substantial compliance with this request. The court refused to charge as requested, and we fail to find in the charge as given on this point any clear and substantial compliance with the request. On the contrary, the court told the jury that "the defendant in the case, when he signed this stipulation, agreed with the plaintiff that he should be satisfied, reasonably satisfied, with the title before he was bound to take it"; and its comments upon the evidence were liable to suggest to the jury, as the law of the case, that the satisfaction with the title stipulated for in the contract was not one personal to the plaintiff, dependent on his own feeling and judgment, but one of legal inference, dependent on the conclusion the jury might reach as to whether or not the title was one with which a reasonable man ought to be satisfied.

In contracts relating to land, the term "satisfactory title," or "a title satisfactory to the vendee or his counsel," is sometimes used, in connection with other language defining the obligation of the vendor, as one to make out "a good and marketable title," and when so used may properly be construed as the substantial equivalent of "good and marketable title." Such was the contract in the case cited

by the defendant. *Lord* v. *Stephens*, 1 Y. & C. Ex. 222. Had the contract in the present case been open to construction, like the one in *Lord* v. *Stephens*, the charge of the court as given might have been appropriate ; but as applied to the contract before us and the state of evidence and claims disclosed by the record, it is erroneous, and this error, in connection with the refusal to charge as requested, is fatal, controlling as it does the substantial merits of the cause.

The defendant claims that although the plaintiff may have been entitled to compliance with his request to charge, yet such compliance should have been accompanied by a statement that the personal dissatisfaction must be honestly entertained in good faith. All lawful contracts imply honesty in execution. One who contracts to purchase an article at a fixed price on a day certain, if he is then satisfied with the article, is bound to be honest in the expression of his satisfaction or dissatisfaction. The right to be sole judge of his own state of mind implies the correlative duty of honest decision and truthful expression. In *Silsby Mfg. Co.* v. *Chico*, 24 Fed. Rep. 893, the nature and evidence of such dishonesty was discussed. It would seem clear that one cannot avoid a contract to purchase, conditioned on a personal satisfaction with the thing to be purchased, through a dishonest and fraudulent assertion of his dissatisfaction. Where such dishonesty is claimed, evidence showing the unreasonableness of the alleged dissatisfaction may be admissible in connection with other evidence which tends to prove a false and dishonest assertion. But the mere fact that the jury believes the vendee's dissatisfaction to be unreasonable does not justify them in inferring his dishonesty.

Our conclusions as above expressed substantially dispose of the other errors assigned in so far as they seem to be material.

There is error, the judgment of the Superior Court is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.