AMANDA H. HOLLINGSWORTH v. GEORGE COLTHURST.

No. 15,606.     (96 Pac. 851.)

SYLLABUS BY THE COURT.

SALES—*Abstract of Title—Refusal to Accept Proffered Title.* A contract for the sale of land provided that the vendor should furnish an abstract showing satisfactory title to the property. In an action against the vendee for damages for his failure to perform it was alleged that the vendor furnished an abstract showing a good and sufficient title. *Held:* (1) The vendee was the party to be satisfied. (2) It was immaterial that the title was good if the vendee in good faith was not satisfied with it. (3) In order to withstand a demurrer it was essential that the petition either allege that the title was satisfactory to the vendee or show that the vendee did not act in good faith.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 3, 1908. Affirmed.

*James McDermott,* for plaintiff in error; *G. H. Buck-man,* of counsel.

*W. P. Hackney,* and *J. T. Lafferty,* for defendant in error.

The opinion of the court was delivered by

Burch, J.: The plaintiff sued for stipulated damages claimed to have been suffered on account of the defendant's refusal to carry out a contract for the purchase and sale of real estate. The transaction involved an exchange of land, and the contract contained the following provision: "It is further agreed and understood by the parties to this contract that each party shall furnish an abstract showing satisfactory title to the above-named properties."

The petition did not allege that the plaintiff furnished an abstract showing satisfactory title to his land, or that the defendant refused to receive an abstract of title or to investigate the title offered, or that the defendant arbitrarily or capriciously rejected such title or otherwise acted in bad faith in the matter. It was merely stated that the plaintiff furnished an abstract showing a good and sufficient title, and that the defendant refused to accept a warranty deed free of encumbrances. A demurrer to the petition was sustained, and the plaintiff prosecutes error.

The question involved is not a new one in the law, and this court has already indicated its views respecting the principles to be applied. Parties to a contract may lawfully stipulate that performance by one of them shall be to the satisfaction of the other. The obligation of a contract is not destroyed because it contains such a provision, as Chancellor Kent seems to have believed. (*Folliard v. Wallace,* 2 Johns. [N. Y.] 395.) If such a contract be made, the party to be satisfied is the judge of his own satisfaction, subject to the limitation that he must act in good faith. He should fairly and candidly investigate and consider the matter,

reach a genuine conclusion, and express the true state
of his mind. He can not act arbitrarily or capriciously,
or merely feign dissatisfaction. The application of
these principles is not limited to transactions involving
personal taste and preference. All this follows from
the decision in the case of *Campbell v. Holcomb,* 67
Kan. 48, 72 Pac. 552. In the following cases the prin-
ciples upon which *Campbell v. Holcomb* was deter-
mined were applied to transactions involving the title
to real estate: *Stotts v. Miller,* 128 Iowa, 633, 105
N. W. 127; *Liberman v. Beckwith,* 79 Conn. 317, 65
Atl. 153; *Averett, Trustee, and als. v. Lipscombe,* 76
Va. 404; *Church v. Shanklin,* 95 Cal. 626, 30 Pac. 789,
17 L. R. A. 207. Very respectable courts hold contrary
views, but this court is not disposed to follow them,
believing that the better reasoning as well as the weight
of authority supports the conclusions announced.

In this case, no third person having been named as
umpire, it was left to the defendant to determine
whether or not he was satisfied. He was bound to meet
the responsibility in the same upright and straight-
forward manner as if he had been a stranger to whom
the title was to be satisfactory. Having done this, his
satisfaction or dissatisfaction fixed the rights of the
parties. It is of no consequence that a court or jury
might believe that he ought to have been satisfied or
that a reasonably prudent purchaser would have been
satisfied. In every city there is likely to be some attor-
ney who is regarded as much more technical than his
fellow members of the bar in his requirements re-
specting abstracts and land titles. Suppose the matter
in controversy had been left to such an attorney, and
that in all probity he had expressed dissatisfaction:
the defendant would have been absolved. Evidence
that the attorney entertained unreasonable views would
only be relevant in connection with proof of dishonesty
or want of good faith. The same is true here.

The plaintiff argues that a land title is either good

or bad, that an abstract will show a title either good or bad, and that there can not be, in common sense or reason, dissatisfaction with a good title. The experience of every lawyer teaches that it is frequently a very difficult and perplexing question whether a land title is good, and although he may not be able to give clear reasons why it is bad he may be incapable of bringing himself to the point of approving it.

The argument is answered by the supreme court of Connecticut, in *Liberman v. Beckwith,* 79 Conn. 317, as follows:

"Titles sold and transferred may be good, bad, or doubtful, absolute or limited. The same title may be satisfactory to one purchaser and not to another. One might be quite willing to buy a doubtful title, while another would not be satisfied with a marketable title so limited as to involve a special risk of litigation in his use of the property purchased." (Page 321.)

There is no more difficulty in proving the good faith of a party to a contract who determines for himself whether he is satisfied than there is when a third person is the umpire, or than there is in many other instances where only the good faith of the inquiry and not the grounds of the conclusion is open to question.

The judgment of the district court is affirmed.