HOROVITZ *v.* MENDEL REAL ESTATE & IMPROVEMENT COMPANY.

PER CURIAM. Where one entered into an executory contract for the purchase of land upon condition of "the title being satisfactory," and the contract further provided, "if titles within thirty days are found unsatisfactory, and owner or agents so notified, the money paid to be returned to the purchaser," and after investigation of the title the attorney of the vendee reported certain facts which he stated to the purchaser raised a question as to the validity of the vendor's title, and that the question so raised was not one that could be said to be absolutely clear of doubt, but in his opinion the vendor had a good title upon which the purchaser's possession could be successfully defended, but that, if the purchase was with a view of resale, "it is quite probable that the attorney of the proposed purchaser might with propriety take the position that there is considerable doubt about" the question, and there might be difficulty in making another sale; and thereupon the

vendee declined in good faith to carry out the contract of sale, for the reason that such title was not satisfactory to him, equity will not decree specific performance of the contract in a suit by the vendor. Under a contract so conditioned, a purchaser is entitled to receive a title enabling him to hold the land free from probable claim by another, and one that, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value; and where the question of whether such a title is tendered him is fairly debatable, equity will not force the vendee to perform. See Van Riper *v.* Wickersham, 77 N. J. Eq. 232 (76 Atl. 1020, 30 L. R. A. (N. S.) 25, Ann. Cas. 1912A, 319); Hollingsworth *v.* Colthurst, 78 Kan. 455 (96 Pac. 851, 18 L. R. A. (N. S.) 741, 130 Am. St. R. 382); Notes in 8 Ann. Cas. 271, and Ann. Cas. 1915C, 536; 2 Devlin on Real Est. §§ 1475, 1477; Warvelle on Vendors (2d ed.), §§ 299, 300.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 21, 1916.

Specific performance. Before Judge Charlton. Chatham superior court. May 18, 1915.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*U. H. McLaws* and *Adams & Adams,* contra.