UNITED STATES TRUST COMPANY, Appellant, v. INCORPORATED TOWN OF GUTHRIE CENTER, Appellee.

CONTRACTS: Construction and Operation—Sale Depending on
1  Opinion of Attorney. The actual rendition by an attorney of an *honest* but *erroneous* opinion that a bond issue is illegal, furnished complete protection to a prospective purchaser in his refusal to buy, under his contract to purchase provided the bonds be legal *"to the satisfaction of our counsel."*

CONTRACTS: Construction and Operation—Entire or Severable
2  Contracts—Non-Severable Consideration—Effect. An indivisible consideration—one incapable of being apportioned among different things contracted for—stamps the contract as indivisible. So held where the contract was for the purchase of *two* sets of bonds of materially different amounts, with a deposit of earnest money in a lump sum of $1,000.

APPEAL AND ERROR: Reservation of Grounds—New Arguments
3  on Appeal. One who has properly presented and reserved a

point in the trial court is not limited, on appeal, to the same *arguments* presented by him to the trial court.

*Appeal from Guthrie District Court.*—W. H. Fahey, Judge.

November 26, 1917.

Suit to have restored a deposit made as an evidence of good faith in a contract to buy bonds issued by the appellee. The trial court found for the defendant. Plaintiff appeals.—*Reversed.*

*Morsman & Maxwell* and *Milligan & Moore,* for appellant.

*Brown & Batschelet* and *Weeks & Vincent,* for appellee.

1. CONTRACTS: construction and operation: sale depending on opinion of attorney.

Salinger, J.—I. The agreement which is the basis of the controversy is signed by the appellant, and offers par and accrued interest, if any, for $10,000, more or less, of 6 per cent sewer disposal plant bonds of appellee, being dated as soon as practicable after July 1, 1914, due 10 years from date, and in $500 denominations; $500 of said bonds to be optional annually from 4 to 9 years from their dates, inclusive; balance due in 10 years from date; and for $30,000, more or less, of 6 per cent sewer bonds. The contract provides that:

"Prior to delivery of bonds to us, you are to furnish us full certified copy of records of all proceedings had preliminary to and authorizing the issuance of said bonds necessary to satisfactorily evidence their legality to our counsel."

There is the further statement that there is given over therewith a check for $1,000, "to be held by you as a guaranty of good faith, said check to be returned to us forthwith in case said bonds are not legal to the satisfaction of our counsel, without expense to us."

There is a controversy over whether the amount of

money that could be lawfully raised by taxation, within the legal and constitutional limitations of the laws and the Constitution of the state of Iowa, by the defendant during the life of the proposed bonds, would or would not be sufficient to pay the bonds and the interest thereon. Attorneys for plaintiff advised it that, in their opinion, said $10,000 issue was not valid.

The theory of the defendant is that this opinion is reviewable, and that it was rightly disregarded because the issue is in fact legal. The trial court proceeded as it would have if no contract provision making the attorney's opinion a factor existed—treats that provision as redundant and surplusage. It may not so be dealt with. *Haney-Campbell Co. v. Preston C. Assn.*, 119 Iowa 188, at 192, 193. And see *Butler v. Tucker*, 24 Wend. (N. Y.) 447; *Barton v. Hermann*, 11 Abb. Prac. N. S. (N. Y.) 378; *Gray v. Central R. Co. of N. J.*, 11 Hun (N. Y.) 70; *Boyd v. Woodbury County*, 122 Iowa 455, 458. The point is as well stated by the Supreme Court of Nebraska in *Thurman v. City*, 90 N. W. 253, a bond bid case, as it is anywhere. It is there said that, where a party stipulates that his contract of purchase shall be subject to the opinion of his attorney as to the title to or legal status of the thing to be purchased, the plain purpose being to make his act dependent upon the personal opinion of his legal adviser, the sole requirement is that such legal adviser in fact pass upon the subject and give his honest opinion, and the merits of an honest opinion actually given are not subject to review—that his decision is conclusive, provided he really passes upon the question and reaches a conclusion honestly, whether his conclusion is right or wrong.

The question is not whether the buyer "ought to be," but whether, acting in good faith, he is, satisfied. *Inman Mfg. Co. v. American Cereal Co.*, 124 Iowa 737; *Singerly v.*

*Thayer,* 108 Pa. St. 291; *Liberman v. Beckwith,* (Conn.) 65 Atl. 153; *Hollingsworth v. Colthurst,* (Kans.) 96 Pac. 851. Good faith is the sole limitation. *Inman Mfg. Co. v. American Cereal Co.,* 124 Iowa 737. So held in bond bid cases, on refusal because bonds were invalid, in opinion of buyer's attorney. *Sargent v. Sibley,* 6 Ohio Dec. 1219. So, unless the opinion is fraudulent, capricious and in bad faith. *City v. Rollins,* (Tex.) 127 S. W. 1166; *Michigan Stone & Supply Co. v. Harris,* 81 Fed. 928; *Webb v. Trustees,* (N. C.) 55 S. E. 719. In cases other than agreements to take bonds, it is held the buyer may refuse to take the goods that are to satisfy him, unless the refusal is a mere caprice (*Singerly v. Thayer,* 108 Pa. St. 291, *Manning v. School Dist.* [Wis.] 102 N. W. 356) ; or his dissatisfaction is feigned (*McCormick Harv. Mach. Co. v. Okerstrom,* 114 Iowa 260, at 264, 265) ; or he acts with a fraudulent motive (*Liberman v. Beckwith,* [Conn.] 65 Atl. 153). Some cases hold the right to reject for failure to satisfy is absolute. *Wood Machine Co. v. Smith,* (Mich.) 15 N. W. 906. But we do not care to go that far. It must not be an unreasonable refusal, in a case where the title was good "beyond all dispute." *Vought v. Williams,* (N. Y.) 24 N. E. 195. It must be an honest refusal (*Hartford S. Mfg. Co. v. Brush,* 43 Vt. 528, *Daggett v. Johnson,* 49 Vt. 345) ; a good-faith refusal (*Stotts v. Miller,* 128 Iowa 633, *Inman Mfg. Co. v. American Cereal Co.,* 124 Iowa 737, *McCormick Harv. Mach. Co. v. Okerstrom,* 114 Iowa 260, *Haney-Campbell Co. v. Preston Cream. Assn.,* 119 Iowa 188). Where an expressed ground for rejecting a certificate of health is frivolous, and it does not appear what the true ground of the rejection is, the rejection will not base a forfeiture. *Miesell v. Globe Mut. Life Ins. Co.,* 76 N. Y. 115. It must not be arbitrary. *O'Dea v. City,* (Minn.) 43 N. W. 97; *Stockton & V. R. Co. v. City of Stockton,* 51 Calif. 328; *Duplex S. B. Co. v. Garden,* 101 N. Y. 387; *Folliard v. Wallace,* 2 Johns. (N. Y.) 395.

It does not matter that a title rejected by the attorney is in fact perfect, if the rejection is in good faith. *Church v. Shanklin,* (Calif.) 30 Pac. 789; *Liberman v. Beckwith,* (Conn.) 65 Atl. 153; *Hollingsworth v. Colthurst,* (Kans.) 96 Pac. 851; *Watts v. Holland,* (Va.) 11 S. E. 1015. It is immaterial that, after the bonds have been refused and sold to other parties, the state Supreme Court adjudges the bonds to be valid, as the purchaser then has no opportunity to accept them with the benefit of such adjudication. *City of Great Falls v. Theis,* 79 Fed. 943. In *Kihlberg v. United States,* 97 U. S. 398, a contract between the United States and A., 'for the transportation by him of stores between certain points, provided that the distance should be "ascertained and fixed by the chief quartermaster." The distance as ascertained and fixed by the chief quartermaster was less than by air line or by the usual and customary route. It was held that his action is, in the *absence of fraud, or such gross mistake as would necessarily imply bad faith,* or a failure to exercise an honest judgment, conclusive upon the parties.

1-a

It is not disputed that counsel, to whom the matter was submitted, gave it as their opinion that the $10,000 bond issue was not legal. There is neither claim nor proof that the opinion is arbitrary and in bad faith, unless that is made out by the fact that counsel for appellee and the trial court differ from that opinion. Indeed, the only argument here is that the opinion is and was held to be an erroneous one, and therefore cannot control. Reliance is placed upon *Hoffman v. Colgan,* (Ky.) 74 S. W. 724. It does not rule this case. It turns wholly on the status of an opinion founded on a mistake of fact. In its essence, it is a rightful decision that, when it would presume fraud if the giver of the opinion knew what the true facts are, therefore it should rather be presumed that the opinion would have

been the opposite if the true facts had been known; wherefore, the opinion, due to an honest mistake of fact, does not govern. It makes a proper distinction between an opinion resting purely upon a mistake of fact and one which, in good faith, errs in applying the law to the existing facts. It does not attempt to overturn the well settled rule which exists where the mistake is an honest mistake of law. To overturn that rule would, in effect, nullify all agreements that bonds need not be taken unless counsel finds them to be valid.

*People v. Alameda County,* 45 Calif. 395, seems to us to have no applicability. It holds, on a motion for writ of mandamus on pleadings, that it shall be tried as a question of fact whether a petition alleged to have been presented to the board of supervisors was signed by as many as 1,355 persons who were, at the time of such signing, qualified electors of the county.

2. CONTRACTS: construction and operation: entire or severable contracts: non-severable consideration: effect.

II. But it is said that the contract is divisible; that it was an offer to take not only the $10,000 sewer disposal plant bonds issue, but also a $30,000 issue of sewer bonds, and that no opinion hostile to the legality of said last issue was ever given. The tenability of this position depends entirely upon whether the contract here is a divisible one. Appellant makes some claim that the town in fact breached the contract by never making the $10,000 issue. Appellee responds the court did not hold that "appellant violated its contract calling for an issue of $10,000 bonds 'more or less' by its refusal to accept an issue over $16,800 of bonds," but rightfully held that appellee refused to take the $10,000 issue of bonds. This dispute needs no settling if the contract is not divisible; for, if it be indivisible, plaintiff prevails, even though the town stood ready to deliver the $10,000 issue.

In *Pope v. Porter,* (N. Y.) 7 N. E. 304, at 306, the

refusal to accept part performance is put on the ground of a rescission justified because there are not two independent contracts, one of which may be broken without peril to the other. The case involved the purchase of several lots of iron to be delivered at different times, having separate prices, but to be paid for by note "on arrival;" and it was held that failure to deliver the first lot excused a refusal to receive the second. Somewhat to like effect is *Walti v. Gaba,* (Calif.) 116 Pac. 963. A like holding is found in *Thompson v. Conover,* 30 N. J. L. 329, where one party agreed to sell to the other all the corn he had to sell, supposed to be in all about 600 bushels—the white at one price, the yellow at a lesser—and where, upon delivering the white and offering to deliver the yellow, the buyer refused to receive the latter.

In *Pacific Tim. Co. v. Iowa Windmill & Pump Co.,* 135 Iowa 308, there was an order for a car of lumber. We said that, where the consideration to be paid is entire, the contract must be so held, although the subject of the same consist of several distinct and independent items; that the simple fact that the dimensions of the timber were specified and the prices per thousand named would not make the contract a divisible one; that such an order contemplates and intends that each and all of its parts and the consideration shall be common to each other and interdependent; that the question is largely one of intention, and, where it reasonably appears from the language of the contract, or from its terms, that the parties intended a full and complete performance should be made with reference to the subject matter of the contract by one party in consideration of the obligation of the other, the contract is entire. In *Smith v. Lewis,* 40 Ind. 98, at 101, it is said that, wherever the failure as to a part would materially defeat the objects of the contract, and would have affected the sale had such failure been anticipated, the contract is entire.

The test seems to be whether the items are in their nature disconnected—whether the failure to obtain the whole would materially affect the objects of the purchase— whether the inducement to dealing at all was getting all. A controlling question is whether the consideration is divisible and can be apportioned. It is not controlling that separate prices are affixed to the items. In the last analysis, it becomes a question of intention. See 35 Cyc. 115-117. The contract under consideration, to be sure, does undertake to buy two sets of bonds, and whether or not the contract has been breached as to the taking of either issue depends, as to both issues, on whether a rejection is justified by an honest opinion of counsel against the legality of that issue. But while this is common to both issues, the deposit of the earnest money was in a lump sum, without any apportionment of any part thereof to be forfeited if one issue were accepted and the other unjustifiably refused. It does not seem persuasive that either party contemplated that a distinct contract was made as to each of the issues, or that anything was thought of except that the obligation to take any of the bonds depended upon whether both sets were legal. As said, there is no apportionment, and nothing in the contract indicates that the whole $1,000 deposit was to be forfeited because part of the bonds were not taken.

2-a

3. APPEAL AND ERROR: reservation of grounds: new arguments on appeal.

Appellee says that no issue was raised in the trial court as to the contract's being divisible or indivisible, nor as to the legality or amount of the sewer bonds, and that the sole issue was as to the legality of the sewer disposal bonds. What we have said makes plain that this practice point is without merit. There is no

question here about failing to state below a ground for recovery. The claim that this contract is not divisible is merely an argument why the appellee had no right to appropriate a non-apportionable fund, on the theory that appellant had unjustifiably broken its contract. In other words, the plaintiff does not say that it should have its money back because it had an indivisible contract, and that defendant had failed to perform *in toto*, but meets an argument that part of the bonds had not met with an adverse opinion by pointing out that it suffices that a substantial part of the issue did encounter such opinion.

We conclude that plaintiff is entitled to recover as prayed, because the $10,000 issue was invalid in the opinion of its attorney.—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.