J. R. JEPSON, Appellant, v. EARL CONNER, Appellee.

No. 40411.

OCTOBER 21, 1930.

*Underhill & Miller,* for appellant.

*Prichard & Prichard,* for appellee.

MORLING, C. J.—Plaintiff demised the premises to defendant by lease dated September 20, 1928, for the term beginning September 19, 1928, and ending March 1, 1932, on shares, and for annual cash rent for pasture after the season of 1929. The lease provided:

"First party [landlord] has the right to cancel this lease and the second party [tenant] may also in case the farming conditions are not satisfactory, the cancellation to be by written notice and to become effective on March 1, 1930, or March 1, 1931."

The petition alleges that:

"On the 30th day of July, 1929, the plaintiff, said first party in said lease, had become greatly dissatisfied with the defendant as a tenant on said premises, and with his manner or method of farming the same and the results obtained, and was not satisfied with the farming conditions on and relating to said premises; and by reason of said farming conditions' not being satisfactory to the plaintiff, he did, on the 30th day of July, 1929, serve a written notice upon said defendant, canceling and terminating said lease, the same to become effective on March 1, 1930. * * * That the plaintiff also on the 23rd day of January, 1930, gave the defendant notice in writing that said written lease would be finally and fully terminated and canceled by the plaintiff, on the first day of March, 1930; and also therein notified the defendant to quit and surrender possession to him of all of said premises on the first day of March, 1930."

The copy of the notice attached to the petition states:

"You are hereby notified, as provided by stipulation in the lease, * * * that said lease is canceled and terminated, effective March 1, 1930, the farming conditions not being satisfactory with the undersigned."

Surrender March 1, 1930, was demanded.

Defendant moved to require plaintiff to make his petition more specific by setting out his reasons for his alleged dissat-

isfaction and for attempting to cancel the contract. The court sustained the motion. The plaintiff elected to stand on his petition, and refused to plead further, and his petition was thereupon dismissed.

It is to be observed that the right reserved was to terminate the contract relations. It is not contended that the right was not reserved to both parties. The right reserved was to cancel the lease ''in case the farming conditions are not satisfactory,'' —meaning, not satisfactory to the promisor who should choose to exercise the option. Though the rule is different in some jurisdictions, in this state, under a provision such as this, entitling the promisor to reject or annul if he is dissatisfied, he is the exclusive judge of whether or not he is dissatisfied, unless he acts in bad faith. If dissatisfied, he is not deprived of the benefit of the reserved right merely because a reasonable person ought to be or would be satisfied. It is only required that he act honestly and in good faith in his determination. *Balcom v. Serenado Mfg. Co.*, 193 Iowa 668; *McCormick Harv. Mach. Co. v. Okerstrom*, 114 Iowa 260; *Haney-Campbell Co. v. Preston Cream. Assn.*, 119 Iowa 188; *Slotts v. Miller*, 128 Iowa 633; *United States Tr. Co. v. Incorporated Town*, 181 Iowa 992; *Inman Mfg. Co. v. American Cer. Co.*, 124 Iowa 737.

Bad faith is not presumed. The notice of election to cancel was given seven months in advance, and the notice to vacate more than a month in advance, of the time when the cancellation was to be effective. On the face of the petition, plaintiff was dissatisfied, and his election to cancel and the notice were fair, and in apparent good faith. Plaintiff was not required to set out his reasons for dissatisfaction. On the face of the petition, the plaintiff had the right to determine whether or not ''the farming conditions'' were satisfactory to him; and, on his determination, made in good faith, that they were not satisfactory, he had the right to cancel the lease, as he did. On the allegations, it must be held that ''the farming conditions [were] not satisfactory'' to plaintiff. Presumptively, he acted in good faith. Consequently, on the face of the petition, he rightfully canceled the lease. He was not, as the case stood at the time of the ruling on the motion, required to submit the reasonableness of his action and the grounds of his dissatisfaction as an issue for the determination of the triers of fact. Defendant

relies upon *Barr v. Van Duyn*, 45 Iowa 228, and *Clark v. Kelly* (Iowa), 109 N. W. 292 (not officially reported). While there is language in these cases somewhat inconsistent with our other cases above cited, such language cannot be held to correctly declare the law of Iowa.

Defendant argues that forfeitures are not favored. No question of forfeiture is involved. The motion involved more than the discretion of the court. It asked that the plaintiff be required to tender an issue which did not devolve upon him. The motion should have been overruled.—*Reversed*.

EVANS, STEVENS, DE GRAFF, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.