[Civ. No. 10566.   Second Appellate District, Division Two.—December 3, 1935.]

J. A. WORTMAN, Jr., Respondent, v. MACK–INTER-NATIONAL MOTOR TRUCK CORPORATION (a Corporation), Appellant.

Overton, Lyman & Plumb and William R. James for Appellant.

P. E. Keeler and Davis & Thorne for Respondent.

GOULD, J., *pro tem.*—Respondent in a trial by jury was awarded $6,050.63 against appellant for commissions earned while working as salesman for appellant, and which, respondent claimed, should have been paid to him but were wrongfully withheld by his employer.

Respondent was working under a written contract and a modification thereof, one of the provisions of which was·that the employer reserved the right ''to modify or change in part or in full the . . . working basis or compensation on special deals where in the company's judgment the compensation should be reduced or adjusted, and their decision shall be accepted as final''. Provision also was made for payment of one-half commission only in cases where profits on sales were split with company branches outside Los Angeles branch territory. This suit arose out of sales where the employer withheld one-half of the commissions upon the plea that it was obligated to pay the portion withheld to salesmen employed in outside districts. Such payments to outside salesmen were never made, the complaint alleges, but appellant wrongfully and to respondent's damage retained the payments for itself.

Appellant claims that the contract of employment, leaving to the employer's ''judgment'' the reduction or adjustment of compensation and stipulating that the employer's decision shall be final, precludes respondent from recovery. Cases such as *Manning* v. *Dallas,* 73 Cal. 420 [15 Pac. 34], and *Moulin* v. *Columbet,* 22 Cal. 509, are cited in

support of this contention. But those cases involve a situation where the rate of compensation was at the entire discretion of the employer. Here a rate was fixed, with provision for reduction on special deals where in the judgment of the employer the remuneration should be reduced. We hold with respondent that in such a case the judgment so exercised must be free from fraud or mistake. (*Hollingsworth* v. *Colthurst,* 78 Kan. 455 [96 Pac. 851, 130 Am. St. Rep. 382, 18 L. R. A. (N. S.) 741] ; *Long* v. *Chronicle Publishing Co.,* 68 Cal. App. 171 [228 Pac. 873].) In the case before us it was alleged that appellant practiced fraud in withholding the commissions sued for. In line with the view indicated on this point, the rulings of the lower court overruling appellant's general demurrer and objection to the introduction of evidence were correct. Likewise, the court correctly denied appellant's motion for nonsuit. ■ Also involved in this same point is appellant's objection to the court's instruction to the jury with relation to the contract of employment, charging the fact-finders that the provisions in question were valid and binding on respondent except in event that appellant did not exercise its discretion in good faith. We think the instruction complained of contains a fair statement of the law applicable to the exercise of the employer's judgment in this case.

■ Also stressed by appellant is the point that because the commissions for which respondent sued were earned prior to September, 1930, and the action upon the contract was not filed until September 21, 1934, error was committed in allowing evidence for any period prior to four years before the filing date of the complaint. Respondent, however, properly pleaded that he did not discover the alleged fraud until within three years before the action was begun, and that the fraud was committed under such circumstances that he would not be presumed to have knowledge of it at the time; and also the times and circumstances under which the facts came to his knowledge were alleged. Proof was adduced in accordance with the allegations of the complaint. The pleading comes within the rule of *Consolidated etc. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268], and the evidence supporting the pleading was believed by the jury. Its determination upon that point may not be disturbed when, as here, substantial evidence supports the verdict.

■ Respondent at various times in the course of his employment signed writings acknowledging receipt in full to date of commissions, specifying the commissions for the various sales for which he later brought suit. He also signed a written general release. But this does not constitute an accord and satisfaction, as claimed by appellant. At the time the receipts and release were signed respondent was ignorant of the alleged fraud which he later discovered, and therefore he could not be bound by receipts signed in ignorance of the facts constituting the alleged fraud. In any event, this point was also impliedly determined by the jury adversely to appellant.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.