## RICHARD CODEANNE
### *vs.*
## CONNECTICUT HARD RUBBER CO.

Court of Common Pleas   New Haven County   File No. 34139

MEMORANDUM FILED JUNE 21, 1943.

*Louis Shafer,* of New Haven, for the Plaintiff.

*Daggett & Hooker,* of New Haven, for the Defendant.

FITZGERALD, J.   Plaintiff brings this action to recover of the defendant corporation the sum of $261.35 for labor and the installation of certain musical equipment in the latter's place of business.   The decisive question in the case is whether,

as specially pleaded by defendant, "it was expressly agreed by and between plaintiff and defendant (acting by and through its vice president and secretary, duly authorized) as part of said oral agreement that defendant should be under no obligation to accept said equipment and to pay said price or any part of it unless the installation and performance of said equipment should be satisfactory to defendant." It is sufficient to say that defendant further alleges that the installation, etc., "were not satisfactory" and that upon the refusal of plaintiff to remove the equipment it "removed and returned the same to plaintiff."

The court finds that the defendant has sustained the foregoing allegations contained in its special defense by the requisite burden of proof. Under the case of *Zaleski vs. Clark,* 44 Conn. 218, 223, it would appear that defendant is entitled to judgment even though the dissatisfaction manifested might be said to be unreasonable. But that apart, the court is of the opinion, and feels justified in finding from the evidence, that defendant's dissatisfaction with plaintiff's undertaking was reasonable. This aspect clearly warrants a defendant's judgment under the more liberal rule than that contained in the *Zaleski* case. *See* 3 *Williston, Contracts* (Rev. ed. 1936) §675A, p. 1948; *Restatement, Contracts* §265, Illustration 4, p. 381.

It necessarily follows that the issues are resolved in favor of the defendant. Accordingly, judgment will enter for the defendant to recover its costs.