G. G. BALCOM, Appellee, v. SERENADO MANUFACTURING COMPANY et al., Appellants.

**SALES:** Sale on "Full Approval." A buyer who purchases goods on the condition that they shall meet with his "full approval" may rescind and recover the purchase price without specifying any reason, provided his dissatisfaction is *in good faith*.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

JANUARY 10, 1922.

REHEARING DENIED APRIL 8, 1922.

ACTION at law against defendant partnership, to recover money paid by plaintiff on a phonograph, shipped by defendants to plaintiff on approval, which machine was returned by plaintiff to defendants as unsatisfactory. Plaintiff gave five notes, at the time of the execution of the written contract, which notes were sold to a bank, which claimed to be an innocent purchaser of the notes. The notes were paid by plaintiff to the bank. Trial to a jury, and at the close of the evidence, the trial court directed a verdict for the plaintiff. Defendants appeal.—*Affirmed.*

*Carl F. Jordan,* for appellants.

*Frank C. Byers,* for appellee.

PRESTON, J.—The petition alleges, and the answer admits, that defendant is, and was at all times mentioned, a copartnership, composed of defendants M. E. Lusk and T. A. Conant, engaged in the business of dealing in phonographs and accessories. But two witnesses testified in the case, and the testimony of one of these was brief. There are several exhibits in the record, including the contract between the parties and some letters. Some of these are duplicated in the abstract. The arguments comprise nearly 100 pages, and many cases are cited on a number of different propositions argued. Forty-six errors are assigned,

and these are argued with more or less citation of authority. Many of the errors have reference to rulings of the court in sustaining plaintiff's objections to evidence offered by the defendant; but it seems to us that the case, after all, is not complicated.

The plaintiff is a physician, and operates a drug store in the town of Lake Wilson, Minnesota. Prior to the making of the contract herein, he had had some experience in handling phonographs in his business. On July 23, 1919, one Marquis, a salesman for defendant company, explained to plaintiff the defendants' method of distributing their phonographs, and described to plaintiff the phonographs defendants were selling. Plaintiff wanted to sell the phonographs through his drug store business. He says he wanted something good, and Mr. Marquis, by his statements, led plaintiff to believe this machine was, in every particular, the kind of machine that plaintiff wanted to sell to his trade. Plaintiff desired to see the machine, before concluding the matter, and at his request, Paragraph 18, hereinafter referred to in the long printed agency contract, was inserted. The contract was signed, as were the notes, and delivered to Marquis. Paragraph 2 of the contract states that defendant may ship "the merchandise described in accordance with the terms and conditions of this, our agreement." Paragraph 18 is as follows:

"And the Serenado Mfg. Co. further agree that if the machine, Model No. 49, does not meet with the full approval of G. G. Balcom he may return the same within five days after arrival, at your expense, and the notes furnished will be promptly returned with the contract."

The contract is signed by plaintiff and Marquis, salesman. Five notes of $50 each were attached to the contract, and there is a notation on the contract that defendant was authorized to detach the notes when the order is approved and the first shipment made. The notes were made payable to the order of Serenado Manufacturing Company, of Cedar Rapids, Iowa. After the signing of the contract and notes, the phonograph was received by plaintiff, September 1, 1919, and he paid the express. The machine was unpacked, and plaintiff testifies that he examined it—the finish, construction, and general appearance—with care, and did not approve of the machine, and was not satisfied

with it. Within five days, allowed by the contract, he repacked it, and returned it to the defendant company at Cedar Rapids by express. He immediately notified the defendant company by wire, and by letter dated September 5th, that he had, on September 4th, returned the machine and all records and supplies, by prepaid express. The letter states that plaintiff regrets to say that the machine did not measure up to his expectations in any regard, and that, feeling that way, he was sure that defendants would not want him to act as agent at that point. He requested defendants to return the notes; and after plaintiff had been informed by defendant that the notes had been transferred to the bank, he asked defendant to go to the bank and get the notes, so that defendant could return them to plaintiff. Plaintiff testifies that the reasons for returning the machine were, among other things, that he knew, from past experience in selling phonographs, that this machine could not be sold for the price defendant company wished to sell it, in that community; that it was in no way suitable to his trade; that it did not meet his approval in any sense, because of the poor quality of the finish and its general appearance. He testifies that he was very much disappointed when he inspected the machine, as he was in good faith in entering into the arrangement, and that he intended to take the agency, if the machine was as he expected from the representations; that he expected something of high quality in finish and cabinet work, and so on; that the machine was wanting in these respects. On September 5th, defendant wrote plaintiff of the receipt of plaintiff's telegram, accusing plaintiff of bad faith in the matter. There was other correspondence between the parties in regard to the matter, and on September 8th, defendant wrote plaintiff that they had every right to believe that plaintiff entered into the transaction in good faith, and that they had a right to know in what particulars the machine did not measure up to his expectations, and to know what his expectations were, at the time he gave the order. In other letters, plaintiff stated more specifically the objections he had to the machine. Again, on September 15th, defendants wrote plaintiff that they did not believe that plaintiff entered into the contract in good faith; and there were still other letters of like import. In a letter from plaintiff to defendant, dated

September 10th, and in response to defendants' letter that they had a right to know in what particulars the machine did not meet his expectations, plaintiff said that he, plaintiff, hoped that he would be spared the trouble of entering into a discussion of the merits and demerits of the phonograph submitted to plaintiff for approval; that, from the appearance of the machine, and its make-up, it would not sell for more than $165 to anyone; that he had hoped that the phonograph would meet his expectations; that he wanted to see it for himself; that he had spent $11 to see it and hear it; that defendants' representative could not show him the machine; that plaintiff wanted to know for himself what he was to sell. On September 8th, and September 10th, or soon after the machine was returned to defendant, defendant wrote plaintiff that it entered into the contract in good faith; and that they had disposed of plaintiff's notes, in due course of business, to the Cedar Rapids Savings Bank; and that the bank would expect its money on the notes as they fell due. Plaintiff was notified a number of times by the bank that it held the notes, and the bank threatened suit; and to avoid suit, payments were made. It is unnecessary to go into further detail as to the contents of the different letters.

Plaintiff testifies that his objection to the machine, and his failure to approve the same, were in good faith.

Defendant placed one of its employees on the stand, who testified that he saw the machine in question, immediately upon its return from plaintiff. By numerous questions to the witness, objections to which were sustained by the court, defendant sought to show that, as to some, at least, of the complaints made by plaintiff, as to the construction, finish, and so on, of the machine, they were not as claimed by plaintiff. This was on the theory, we assume, that the machine was such as that plaintiff ought to have been satisfied, and that he should have approved it. The offered evidence did not cover all of plaintiff's objections. As to such other objections, there was no dispute in the evidence. There is nothing in the record which tends to show that plaintiff was not acting in good faith, both in entering into the contract and in regard to his dissatisfaction and failure to approve. There was no acceptance of the machine by plaintiff. Under the authorities, plaintiff was not required to

state the specific defects. He must act honestly in the matter, and his dissatisfaction must not be arbitrary or feigned. Some of the cases hold that, under such a contract as we have here, if the article is such as the buyer ought to be satisfied with, he is bound to accept it. The better view, however, is that, if there is no bad faith, and the buyer is honestly dissatisfied, his judgment is conclusive, irrespective of whether he had reasonable grounds for dissatisfaction or not. 24 Ruling Case Law 430; *McCormick Harv. Mach. Co. v. Okerstrom*, 114 Iowa 260; *Haney-Campbell Co. v. Preston Cr. Assn.*, 119 Iowa 188, 194; *United States Trust Co. v. Incorporated Town of Guthrie Center*, 181 Iowa 992, 995. In the *Okerstrom* case, cited with approval in the *Haney* case, it was said:

"Parties may contract that if, upon inspection, or upon trial, the purchaser is not satisfied with the article purchased, he may refuse to take it, or, if taken on trial, may refuse to keep it. The authorities are in accord in holding that, where a chattel is purchased under an agreement, as alleged in this case, the buyer is not liable for the price unless he is satisfied, and accepts the article. In such case, he is the sole judge whether the article is satisfactory or not; and, if he is not satisfied, he is not bound to accept the article, although, as a matter of fact, he ought to have been satisfied therewith. It is further said that the buyer is bound to act honestly, and to exercise such judgment and capacity as he possesses. His dissatisfaction must be real, not feigned. But as it is the buyer who is to be satisfied, and not someone else, it has been held that he is not bound to use the care and skill of ordinary persons in making the decision, but only such capacity and judgment as he himself possesses."

We are of opinion that the trial court rightly directed a verdict. The judgment is affirmed.—*Affirmed*.

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.