[No. 15028.   Department Two. —June 13, 1894.]

## JOHN DE WITT ALLEN, APPELLANT, v. LOUIS POCKWITZ, RESPONDENT.

VENDOR AND PURCHASER—CONTRACT OF SALE—CONDITION—PASSING UPON TITLE BY ATTORNEY FOR PURCHASER—RECOVERY OF DEPOSIT.—Where a contract for the purchase of land provided that the property was to be examined and accepted or rejected by the attorney for the purchaser, the purchaser is not bound to consummate the sale unless his attorney accepted and did not reject the title; and the question whether or not the title was in fact a good marketable title is not involved in an action by the purchaser to recover back the deposit made, if there is no proof that the rejection of the title by the attorney was not the result of a sufficient examination and an honest opinion.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Sidney V. Smith,* and *Smith, Wright & Pomeroy,* for Appellant.

Not only was the rejection of the title warranted by the terms of the contract, but the defendant's record title was doubtful, and plaintiff was therefore not bound to accept it.   (Fry on Specific Performance, secs. 576, 579; *Turner* v. *McDonald,* 76 Cal. 179; 9 Am. St. Rep. 189; *Richmond* v. *Gray,* 3 Allen, 27; Sugden on Vendors, 505; *Reynolds* v. *Borel,* 86 Cal. 538.)

*Reinstein & Eisner,* for Respondent.

The rejection of the title was not warranted by the contract, and as the record title was not a doubtful one,

appellant was bound to accept it. (*Winter* v. *Stock,* 29 Cal. 407; 89 Am. Dec. 57; *Montgomery* v. *Pacific Coast Land Bureau,* 94 Cal. 284; 28 Am. St. Rep. 122; *Folliard* v. *Wallace,* 2 Johns. 395.)

The COURT.—On June 21, 1889, the plaintiff, personally, and defendant, through the agency of David Stern and Son, real estate brokers, executed the following written instrument:

"SAN FRANCISCO, June 21, 1889.

"Received from John De Witt Allen the sum of one thousand ($1,000) dollars, being deposit on account of thirty-five thousand ($35,000) dollars, U. S. gold coin, the purchase price of the property this day sold to him, situated in the city and county of San Francisco, state of California, and described as follows, to wit:

"Lot and improvements situated on the northeast corner of Van Ness and Ash avenues, 58 feet on Van Ness avenue, by 100 feet on Ash avenue.

"Terms of sale: 21 days are allowed to examine title and consummate sale. At the termination of said time the balance of said purchase money is due and payable upon tender of the deed of the property sold.

"Title to be examined and accepted or rejected by J. De Witt Allen's attorney. Abstract to be run down to date; $150 to be allowed for attorney's fees. Mortgage to be released and to be free and clear from all encumbrances. Taxes to be paid to July 1, 1889.

"If the sale is not consummated in accordance with the foregoing conditions the deposit to be forfeited.

"DAVID STERN AND SON, Agents.

"Agreed to: JOHN DE W. ALLEN."

The plaintiff submitted the abstract of the record title to his attorney, Sidney V. Smith, who was a reputable attorney at law, and practicing as such in San Francisco, for examination, and to be accepted or rejected by him according to the above agreement. He rejected the title as to an undivided one-third part of the lot, for reasons stated by him in writing, and duly communi-

cated to defendant and to David Stern and Son.    Thereupon plaintiff demanded a return of the one thousand dollars deposited, which in the mean time had been delivered to defendant.    The defendant refused to return the deposit, tendered to plaintiff a deed for the lot, and demanded the balance of the purchase money, claiming that the title was perfect notwithstanding it had been rejected by plaintiff's attorney.    Thereupon plaintiff brought this action to recover the deposit of one thousand dollars with interest.

The judgment was in favor of the plaintiff; but, on motion of the defendant, a new trial was granted, and this appeal by plaintiff is from the order granting a new trial.

It is not claimed that the written agreement was for an unconditional sale, but the parties disagree as to what were intended to be the conditions upon which plaintiff would be bound to " consummate the sale," by payment of the balance of the purchase money.    The appellant contends that one of the conditions of his obligation to consummate the sale was that his attorney should accept, and not reject, the record title, while the respondent contends that the only conditions intended were that the title should appear to be a good, marketable title, and that defendant should tender a sufficient deed to convey such title.    They also disagree as to whether or not defendant's title was in fact a good, marketable title, but, in our view of the case, this question becomes immaterial, and upon it we express no opinion.

Our understanding and construction of the agreement is that unless plaintiff's attorney accepted and did not reject the title, the plaintiff was not bound to consummate the sale.    This, if not fully expressed, is fairly inferable from the language of the contract, otherwise no meaning or purpose whatever can be attributed to a considerable portion of that language.    For what purpose were twenty-one days allowed for examination of title and consummation of sale?    Of what importance

was an "abstract of title run down to date?" Why was the "title to be examined" by plaintiff's attorney rather than by defendant's attorney? Was neither the acceptance nor rejection of the title by plaintiff's attorney to be of any consequence whatever? The language of the contract relating to the examination, acceptance, and rejection of the title, considered in connection with the subject matter, will reasonably and justly bear the construction we have given it; and, since no other rational meaning, purpose, or consequence of that language can be imagined, that construction should be accepted. It was but a reasonable and prudent precaution on the part of the plaintiff to insist upon the condition that the title should be passed and accepted by his own attorney, contrary to whose opinion and advice he was unwilling to invest thirty-five thousand dollars in a city lot. Had the condition been simply that the title should be good and marketable, the plaintiff might have been compelled to accept it and to pay for the lot, as the result of a tedious and expensive lawsuit, the judgment in which, as to the title, would not have been conclusive against any adverse claimant who was not a party to the suit.

Neither of the three cases cited by the counsel for respondent is in point. In *Winter* v. *Stock*, 29 Cal. 407, 89 Am. Dec. 57, the vendor warranted "an indisputable and satisfactory title, or no sale." In *Montgomery* v. *Pacific C. L. Bureau*, 94 Cal. 284, 28 Am. St. Rep. 122, the title was warranted to be "perfect." The case of *Vought* v. *Williams*, 120 N. Y. 253, 17 Am. St. Rep. 634, was an action for specific performance of a contract of sale which provided that the title was to be "first class." In each of these cases the title was rejected by the attorney for the vendee; but in each the court held that the material question was whether or not the title was good and marketable; and not whether it was acceptable to the vendee's attorney.

But in the case at bar, according to our construction of the contract, the only warranty or representation as to the quality of the title was that it should be accept-

able to plaintiff's attorney. Therefore, the question whether or not the title was, in fact, a good marketable title, is not involved, as it was in the cases cited by counsel for respondent. And, since it appears that plaintiff's attorney rejected the title, and it is not even suggested that the rejection was not the result of a sufficient examination and an honest opinion, the order granting a new trial should be reversed, and it is so ordered.

Hearing in Bank denied.