BERNARD THURMAN, APPELLEE, v. CITY OF OMAHA ET AL., APPELLANTS.

FILED APRIL 17, 1902.   No. 11,464.

Commissioner's opinion, Department No. 2.

1. Contract of Sale: APPROVAL OF PURCHASER. If a contract of sale is expressly made subject to the approval of the purchaser, or of someone for him, and such approval involves either judgment in matters of taste or personal opinion, the person whose

approval is required is made the sole arbiter, and his decision is conclusive, provided he really passes upon the question and reaches a conclusion honestly, whether his conclusion is right or wrong.

2. ———: ———: OPINION OF ATTORNEY: TITLE. Where a party stipulates that his contract of purchase shall be subject to the opinion of his attorney as to the title to or legal status of the thing to be purchased, the plain purpose being to make his act dependent upon the personal opinion of his legal adviser, the sole requirement is that such legal adviser in fact pass upon the subject and give his honest opinion, and the merits of an honest opinion actually given are not subject to review.

3. Contract for Labor: OPINION MUST BE REASONABLE. The cases in which the courts insist that the opinion or decision must be reasonable and well founded, as well as honest, are those in which the contract is for performance of labor in lines not necessarily involving personal taste and opinion, so that any competent person could arrive at a satisfactory determination.

4. Contract: OPINION OF PURCHASER'S LEGAL ADVISER: PATENT PRETENSE. In case a contract makes the opinion of the purchaser's legal adviser conclusive, the opinion rendered may be so unreasonable as to be evidence in itself that it is not honest; but before such conclusion can be deduced from the face of the opinion alone, it must be so grossly and palpably at variance with plain principles of law as of itself to compel the conclusion that it is a mere pretense.

APPEAL from the district court for Douglas county. Heard below before FAWCETT, J. *Affirmed.*

*W. J. Connell,* for appellants.

*Greene, Breckenridge & Kinsler* and *Isaac E. Congdon,* contra.

POUND, C.

The city of Omaha, defendant and appellant herein, advertised for bids for certain bonds which it was about to negotiate. The plaintiff was one of several bidders, pursuant to the advertisement, and the bonds were awarded to him. His bid contained an express condition in these words: "subject to our attorney's opinion as to the legality of the issue." After plaintiff had been notified of the action of the city officers upon his bid, he declined to take the bonds,

for the expressed reason that his attorney did not approve the issue, and considered it invalid. Subsequently he brought this suit for cancelation of a certified check, which had been turned over to the city with his bid, as a deposit thereon, in accordance with requirements of the competition. The city denied that he refused to accept the bonds because of the opinion of his attorney, and claimed that the pretended opinion was incorrect and unreasonable, and that it was not a bona-fide opinion, but the result of fraud and collusion, without any actual or honest determination of the question. The district court found for the plaintiff and rendered a decree accordingly, from which the city prosecutes this appeal.

There is not much difference between counsel for the respective parties as to the rules of law by which this appeal must be governed. But the importance of exact understanding and definition of those rules in such a case requires us to examine them with care. In some cases where the obligation of one of the parties is made dependent upon his approval of the subject of the contract, or upon the approval of some designated person, it is implied that such approval be given whenever the facts are such as to lead the trier of fact to the conclusion that it ought to have been given, and if the trier of fact so concludes, disapproval or failure to approve by the party to whom the matter is left in the contract may not be availed of. In other cases the opinion or decision of the person designated in the contract is conclusive, and his pronouncement will not be reviewed, if he actually and honestly exercises his judgment and states his opinion. The nature of the contract and the character of the required decision or opinion must determine to which class a given cause is to be referred. Contracts of purchase and sale are usually of the latter class, and contracts of any sort are, as a rule, to be put in that class where the approval stipulated for involves either judgment in matters of taste or the personal opinion of one chosen for some special and peculiar reason. Where questions of taste and personal judgment

are involved, as in contracts to make clothes to order, or
for producing works of art, such as busts or portraits, it
is generally held that the person whose opinion is stipu-
lated for is the absolute judge.* *Brown v. Foster,* 113
Mass., 136; *Zaleski v. Clark,* 44 Conn., 218; *Gibson v.
Cranage,* 39 Mich., 49; *Hoffman v. Gallaher,* 6 Daly [N.
Y.], 42. Even in such cases, however, the dissatisfaction
or disapproval must be actual, and not a mere pretext.
The person to whose judgment the matter is left must
actually and honestly exercise his judgment and express
a real opinion. *Silsby Mfg. Co. v. Town of Chico,* 24 Fed.
Rep., 893; *Exhaust Ventilator Co. v. Chicago, M. & St. P.
R. Co.,* 66 Wis., 218, 28 N. W. Rep., 343. But contracts of
the sort last described are not the only ones in which the
bona-fide judgment of the person named will not be re-
viewed. If a contract of sale of something already exist-
ing is expressly made subject to the approval of the pur-
chaser, or of some one for him, and such approval involves
personal judgment or opinion, the person whose judgment
is required is made the sole arbiter, and his decision is
conclusive, provided he really passes upon the question
and reaches a conclusion honestly, whether his conclusion
is right or wrong. The parties have stipulated for his
opinion, not for the decision of a judge or jury, and there
is no such reason for reviewing the opinion as in a differ-
ent class of cases hereinafter referred to. In fact justice
requires that the party who has sought to protect himself
by such a stipulation be afforded the protection intended.
*Wood Reaping & Mowing Machine Co. v. Smith,* 50 Mich.,
565, 15 N. W. Rep., 906; *Ellis v. Mortimer,* 1 B. & P. [N. R.
Eng.] 257; *Gray v. Central R. Co.,* 11 Hun [N. Y.], 70;
*Campbell Printing-Press Co. v. Thorp,* 36 Fed. Rep., 414;
*Singerly v. Thayer,* 108 Pa. St., 291, 2 Atl. Rep., 230.
Another variety of cases presents something of each of
those already considered. In these cases a purchaser stip-
ulates that his contract of purchase shall be subject to the
opinion of his attorney as to the title to or legal status of
the thing purchased, and the plain purpose is to make his

act dependent upon the personal opinion of his legal adviser. Here there is not only a contract of sale, as distinguished from one for performance of labor, but the required decision involves personal judgment in a matter resting more or less in opinion. Accordingly the sole requirement is that such legal adviser in fact pass upon the subject and give his honest opinion, and the merits of an honest opinion, actually given, are not subject to review. *Church v. Shanklin*, 95 Cal., 626, 30 Pac. Rep., 789; *Hudson v. Buck*, 7 Ch. Div. [Eng.], 683. If the opinion in such cases is the result of fraud, collusion or undue influence, of course it is not the opinion contemplated by the contract. But if it is free from any such vice, it must be decisive. The cases in which the courts insist that the opinion or decision must be reasonable and well founded, as well as honest, are those in which the contract is for performance of labor in lines not necessarily involving personal taste and opinion, so that any competent person could arrive at a satisfactory determination. *Wood Reaping & Mowing Machine Co. v. Smith, supra; Doll v. Noble*, 116 N. Y., 230, 22 N. E. Rep., 406; *Keeler v. Clifford*, 165 Ill., 544, 46 N. E. Rep., 248; *Bentley v. Davidson*, 74 Wis., 420, 43 N. W. Rep., 139.

In case the contract makes the opinion of the purchaser's legal adviser conclusive, and the vendor claims that an opinion given under such provision and relied upon by the purchaser is fraudulent, collusive or a mere pretense, it is obvious that the burden is upon him to establish such claim. *Wendt v. Vogel*, 87 Wis., 462, 58 N. W. Rep., 764. Fraud is not presumed, and, though it may be inferred from circumstances, "such inference must not be guess-work or conjecture, but the rational and logical deduction from the circumstances proved." *Alter v. Bank of Stockham*, 53 Nebr., 223. In the same case the court say: "If, from the entire evidence on the subject, good faith or an honest mistake even may be as rationally and reasonably inferred as fraud, then the law leans to the side of innocence." Undoubtedly the opinion rendered may be

so unreasonable as to be evidence in itself that it is not honest.   But before such conclusion can be deduced from the face of the opinion alone it must be so grossly and palpably at variance with plain principles of law as of itself to compel the conclusion that it is a mere pretense.   In the case at bar, plaintiff consulted an attorney who had an office in the same building, and obtained his opinion.   The attorney in question represented plaintiff in taking testimony in this cause, and testified that, while he had no general retainer from plaintiff, so far as he knew he was doing all the plaintiff's legal business.   He states that the papers relating to the bonds, a copy of the city charter, statements as to the bonded and other indebtedness of the city and the assessed valuation of taxable property therein, together with the history of the issue in question, were submitted to him and carefully examined, and that after examining them he gave an oral opinion against the bonds, which was subsequently reduced to writing.   He was subjected to a protracted and severe cross-examination, from which it appeared that he was a young man, of no long experience in the profession, but trained at a law school of high standing, and possessed of as much experience and practice as might well be expected under the circumstances.   The plaintiff did not agree to procure the opinion of some lawyer of note and established reputation, possibly at considerable cost.   He stipulated for the opinion of his own lawyer, whom he employed in his other business. So long as he actually procured the opinion of that lawyer, without fraud or collusion, he did all that his contract required.   The qualifications and experience of the legal adviser whom he chose to do his business were for him to consider, and are not material to the present controversy. We do not say that the standing and qualifications of the lawyer whose opinion is taken in such a case might not be a circumstance to indicate bad faith and collusion.   But in the case at bar the evidence shows that the attorney to whom the bonds were submitted was at that time the regular legal adviser of the plaintiff, and that he examined the

papers and gave what he believed to be a sound opinion. He appears from his testimony to be a well-educated, honorable and conscientious man. Although the issue was very likely valid in all respects, there was much in the papers he examined that might well cause a lawyer to hesitate. His client desired an investment, not a lawsuit, and it is no evidence of bad faith that he may have exercised a somewhat excessive caution. The papers submitted to him showed that the assessed valuation had suddenly almost doubled, and yet the amount which the city could raise by taxation had been reduced; that coupons on prior issues were unpaid; and that a very large item of uncollected taxes stood among the city's assets. These facts, the significance of which is apparent to us here, might well excite suspicion and create alarm elsewhere. We can not say that the opinion rendered is so grossly or palpably unreasonable as to require us to pronounce it a mere sham, and we think the finding of the trial court entirely justified.

It is recommended that the decree appealed from be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.