(April 25, 1922.)

MUNICIPAL SECURITIES CORPORATION, a Corporation, Respondent, v. BUHL HIGHWAY DISTRICT, a Municipal Corporation, Appellant.

[208 Pac. 233.]

CONTRACTS—RECOVERY OF EARNEST-MONEY—ILLEGALITY.

1. An agreement in a conditional contract for the sale of municipal bonds to return the earnest-money deposited in case proceedings had for the issuance of the bonds should fail to meet the approval of a reputable bond attorney is valid, and sustains a recovery upon proof that the attorney who subsequently disapproves the bonds is reputable and that his opinion was rendered in good faith.

2. In order that illegality may prevent a recovery upon a contract, it must inhere in the contract relied upon.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover earnest-money on contract to purchase. Judgment for plaintiff. *Affirmed.*

Ostrom & Green, for Appellant.

Rights based on the violation of the law will never be enforced by the court. (*Harrison County v. Ogden*, 133 Iowa, 677, 108 N. W. 451; *Libby v. Pelham*, 30 Ida. 614, 166 Pac. 575.)

The court is justified in considering all the facts of this case, including the objections raised by counsel to the legality

of the bond proceedings, to determine whether the counsel acted in good faith in rendering an adverse opinion. (*United States Trust Co. v. Incorporated Town of Guthrie Center*, 181 Iowa, 992, 165 N. W. 188.)

"As between parties *in pari delicto* the courts ordinarily will not enforce an illegal contract or any supposed rights growing out of it." (6 R. C. L. 823, 825.)

"It is only where the contract remains wholly unexecuted on one side, and where by its abandonment the act which the law forbids will be averted, that the courts will lend a willing ear to the repentant party, and if he has paid any money in advance, will permit its recovery." (*Edwards v. Goldsboro*, 141 N. C. 60, 8 Ann. Cas. 479, 53 S. E. 652, 4 L. R. A., N. S., 589; *Ullman v. St. Louis Fair Assn.*, 167 Mo. 273, 66 S. W. 949, 56 L. R. A. 606.)

James H. Wise, for Respondent.

The contract is not an executed contract. There was something else to be done to complete the contract; that is, it was to be determined by some reputable attorney as to the legality of the contract and the legality of the issue of the bonds; until that was determined there was no completed contract. (*Boylston Bottling Co. v. O'Neil*, 231 Mass. 498, 121 N. E. 411, 2 A. L. R. 902; *Armstrong v. Toler*, 11 Wheat. (U. S.) 258, 6 L. ed. 468; *Cleveland etc. Ry. Co. v. Hirsch*, 204 Fed. 849, 854, 123 C. C. A. 145; *City of Amarillo v. W. L. Slayton & Co.* (Tex. Civ.), 208 S. W. 967.)

Under this contract the good faith money was not forfeited if the condition precedent was not complied with. (*City of Rome v. Breed, Elliot & Harrison*, 21 Ga. App. 805, 95 S. E. 474; *United States Trust Co. v. Incorporated Town of Guthrie Center*, 181 Iowa, 992, 165 N. W. 188; *City of Omaha v. Venner*, 243 Fed. 107, 155 C. C. A. 637.)

RICE, C. J.—Respondent, as assignee of the Hanchett Bond Company, recovered a judgment against appellant

for a sum of money deposited as a guarantee of good faith upon the execution of a contract for the purchase of appellant's bonds. The contract provided that certified copies of the proceedings leading up to the issuance and sale of the bonds should be submitted to certain named attorneys, or some other reputable bond attorney satisfactory to the Hanchett Bond Company, for an opinion as to the legality of said bonds. It was further provided that if the proceedings should fail to receive the attorney's approval, the sum deposited was to be returned promptly. A certified copy of the proceedings was submitted by the Hanchett Bond Company to F. William Kraft, who failed to approve the proceedings leading up to the issuance of the bonds. The undisputed evidence shows that Mr. Kraft is a reputable bond attorney, and there is nothing in the record which impeaches in the slightest degree his good faith in disapproving the bond issue. Unless the contention of appellant, which will be hereafter considered, is valid, respondent was entitled to recover judgment. (*United States Trust Co. v. Incorporated Town of Guthrie Center,* 181 Iowa, 992, 165 N. W. 188; *Thurman v. City of Omaha,* 64 Neb. 490, 90 N. W. 253; *City of Amarillo v. W. L. Slayton & Co.* (Tex. Civ.), 208 S. W. 967; *City of Rome v. Breed, Elliot & Harrison,* 21 Ga. App. 805, 95 S. E. 474; *City of Omaha v. Venner,* 243 Fed. 107, 155 C. C. A. 637.)

It is alleged in the complaint that one of the reasons for the disapproval of the bonds by Mr. Kraft was because they were sold below par, contrary to law. Appellant's contention is that the sale of the bonds is a contract; that the complaint sets up that appellant and respondent entered into an illegal contract; that both parties violated the law by entering into a contract for the sale of the bonds below par; that the contract is the basis of respondent's action, since it seeks to recover the earnest money deposited in accordance therewith.

The contract to purchase provided on its face for the purchase of the bonds at par, with accrued interest. It appears from the record, however, that on October 10,

1917, prior to the publication of notice for the sale of the bonds, the board of commissioners of appellant adopted a resolution, reciting that in the best judgment of the board it would be impossible to sell the bonds at par, and therefore appointing and employing L. A. Trowbridge, president of the Hanchett Bond Company, its fiscal agent, for the purpose of marketing its bonds, and agreeing to pay him for his services, when rendered, $42.86 on each one thousand dollars of bonds sold. In Mr. Kraft's opinion it is stated: "The result of such arrangement is to authorize the sale of the bonds at less than par in direct violation of the statute forbidding bonds to be sold at less than par." (C. S., sec. 1554.)

We think the appointment of a fiscal agent was a matter separate and distinct from the contract of purchase of the bonds. (See *McConnon v. Holden, ante,* p. 75, 204 Pac. 656.) If the resolution appointing the fiscal agent was illegal, as it probably was, it could not have been enforced, nor could it have been set up as a defense in any action brought upon the contract to purchase. The other objections noted by Mr. Kraft were sufficient to justify him in disapproving the bonds.

The respondent, therefore, did not rely upon an illegal contract, and the judgment is affirmed. Costs awarded to respondent.

Budge, McCarthy and Dunn, JJ., concur.

(August 3, 1922.)

ON REHEARING.

PLEADING AND PRACTICE—CONTRACTS—ILLEGALITY OF.

1. Where an amendment to a pleading is inconsistent with the original, the amended pleading must be resorted to in determining the issues tendered and the facts admitted.

2. Where a contract contains illegal provisions, and also a separable legal agreement, the latter will be enforced if no necessity exists for reliance by the party seeking to enforce it upon any of the illegal provisions thereof.

RICE, C. J.—It was alleged in the complaint that the contract relied upon was executed on October 10, 1917, which was some time prior to the publication of notice for the sale of the bonds. The date of the execution of the contract was admitted in the original answer. Thereafter, the answer was amended and copy of the contract attached to the amended answer which shows the date of the contract as December 1, 1917, being the date upon which the bids were opened and the bid of the Hanchett Bond Company accepted. The record shows that the contract was approved and its execution ordered by the highway district board on December 8, 1917. We think the amendment nullified the admission contained in the original answer, and that the finding that the contract was executed on October 10, 1917, is not supported by the evidence.

The only remaining question necessary to consider is whether or not the contract is illegal, in that according to its terms but $25,000 was to be paid in cash, the remaining portion of the purchase price to be represented by interest bearing certificates issued by the Hanchett Bond Company, and if so whether such illegality prevents recovery by respondent. C. S., sec. 1554, does not authorize the sale of highway district bonds for anything but cash. In this regard the contract was illegal, and the Hanchett Bond Company was charged with knowledge of the law, as well as the commissioners of the district. Respondent in this

action, however, in seeking to enforce only one provision of the contract, which is as follows:

"The said party of the second part further tenders its certified check for $2,000, the same to be retained by said party of the first part as evidence of good faith. If the bonds are duly approved by either of the attorneys hereinbefore mentioned the said check is to apply upon the purchase price of the bonds, and if the proceedings fail to receive the attorneys' approval, the said $2,000 is to be returned promptly to the said party of the second part."

The provision in the contract quoted is separable from the remainder of the contract, and may be enforced without necessity of reliance upon any illegal portion thereof.

The former judgment is affirmed.

Budge, McCarthy, Dunn and Lee, JJ., concur.