**C. W. McNEAR & CO. v. CITY OF KAUF-
MAN et al. (No. 144.) \***

(Court of Civil Appeals of Texas. Waco. Jan.
29, 1925. On Motion for Rehearing,
March 12, 1925.) '

**1. Municipal corporations ⬤➾921 (1)—Bidder for
15-year option bonds not bound to accept 10-
year' option bonds.**

Bidder for 40-year city bonds, with option of paying in 15 years, was under no obligation to accept bonds containing option to pay in 10 years.

**2. Municipal corporations ⬤➾921 (1)—Bidder's
deposit held not forfeited where attorney dis-
approved bonds.**

Where bidder's obligation to accept city bonds was conditioned on approval of bonds by bond attorney, bidder's deposit was not forfeit ·to city on refusal to accept bonds because of attorney's disapproval, notwithstanding attorney's opinion was erroneous because he overlooked certain provision in transcript.

On Motion for Rehearing.

**3. Municipal corporations ⬤➾921 (1)—Personal
judgment against city and officers for amount
of bond buyer's deposit held erroneous.**

In suit by bond bidder to recover deposit, personal judgment against city and officers for the amount with interest was erroneous, where deposit check had been paid into registry of trial court, and such judgment should be for the check and its proceeds.

Error from District Court, Kaufman County; · Joel R. Bond, Judge.

Action by C. W. McNear & Co. against the City of Kaufman and others. Judgment for defendants, and plaintiff brings error. Reversed and rendered.

W. P. Dumas, of Dallas, and Bumpass &' Wade, of Terrell, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendants in error.

STANFORD, J. Plaintiff in error, herein designated plaintiff, filed this suit against defendants in error, to recover a deposit of $2,500 made by plaintiff in error to insure plaintiff's acting in good faith in the purchase of $100,000 school bonds to be issued by the city of Kaufman. As the material evidence in the case we make the following findings of fact:

Prior to May 25, 1922, the city of Kaufman had adopted an ordinance providing for the issuance of bonds to the amount of $100,000, to erect and repair school buildings, said ordinance providing in effect that said bonds ·should mature in 40 years, but reserving to the city the option of paying them off in 10 years, and had advertised said bonds for sale. B. F. Brewer, agent for plaintiff, had a conference with the city officials of , said city, and suggested that said ordinance be amended, changing the option of payment from 10 to 15 years, explaining that the 15-year optional bonds would be more salable and would command a better price, to .all of which said city officials agreed, and with the understanding that said change would be made by the city, Brewer, as agent for plaintiff, submitted to defendants the following proposition:

"Chicago, Ill., May 25, 1922.

"To the Honorable City Council of the City of Kaufman, Texas—Gentlemen: For your issue of $100,000.00 school building bonds, in denomination of $1,000.00 each, dated June 10, 1922, maturing forty years from their date, with option of redemption fifteen years from their date, bearing interest at the rate of 5½ per cent. per annum, payable semiannually, at a national bank in New York or Chicago; we will print the bonds, and will pay for said bonds, legally issued and delivered to our order at the First National Bank in Chicago, par and accrued interest thereon to the date of delivery, together with a premium of $2,025.00, provided that, prior to the delivery of said bonds, we are furnished with a complete certified transcript of the proceedings evidencing the legality of the same, to the satisfaction of Wood & Oakley, or other universally recognized bond attorneys mutually agreed upon. As evidence of our good faith in complying with the terms of the above proposal, we attach hereto a certified check, drawn on the First National Bank of Kaufman, Texas, in the sum of $2,500.00 which check is to be forfeited, as liquidated damages in the event of our failure or refusal to comply with the terms of this proposal, and is to be returned to us upon delivery of the bonds or in the event this proposal is not accepted. Respectfully submitted, C. W. McNear & Co., [Signed] B. F. Brewer."

On the same date, the city of Kaufman, by a memorandum on the same sheet of paper, accepted said proposal in the following words:

"Above proposal accepted by proper resolution of the council, and our signatures affixed thereto in compliance therewith this the 25th day of May, 1922. [Signed] R. J. Rowe, Mayor, City of Kaufman, Texas. Attest: [Signed] J. E. Carter, City Secretary. [Seal.]"

A certified check on the First National Bank of Kaufman was attached to said proposal, as indicated in said proposal, and left with said city officials. The city council did adopt another ordinance, changing the option of payment from 10 to 15 years, but, before this was done, the city secretary of said city

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error dismissed for want of jurisdiction May 6, 1925.

made a transcript of all that had been done by the city council preparatory to issuing said bonds, including the bond election and the ordinance providing for the 10-year option of payment, and sent same to and had it approved by the Attorney General of Texas, and sent same on to plaintiff at Chicago. As soon as the second ordinance was enacted, changing the option of payment from 10 to 15 years, the city secretary sent that to the Attorney General of Texas and had it approved, and sent a certified copy of this last ordinance to plaintiff, to be attached to complete their bond transcript. Plaintiff, on receiving the certified copy of this last ordinance, did attach same to the transcript they already had, thus making their transcript complete, and said transcript was then submitted by plaintiff to Chas. B. Wood, of the firm of Wood & Oakley, for his approval, and on June 15, 1922, Chas. B. Wood wrote the following letter:

"June 15, 1922.

"Messrs. C. W. McNear & Co., Chicago, Ill.— Gentlemen: I will approve $100,000.00 school bonds of the city of Kaufman, Texas, dated June 10, 1922 provided: (1) An ordinance is passed, making a levy of 34.1 cents on each $100.00 of the valuation for each of the years 1922 to 1961, both inclusive, and a certified copy furnished. (2) The ordinance directing the bonds to be issued, and the bond form, provide for bonds optional in ten years. (3) A copy of the Attorney General's opinion is furnished, together with a waiver of state school fund. The issuance of these bonds will put this city up to its tax limit. That is, it has entirely exhausted its taxing power and it cannot issue any more bonds for any purpose whatever. This is brought about by this foolish method of issuing forty-year bonds instead of serial bonds.

"Yours truly,          Chas. B. Wood."

Then, on June 23, 1922, plaintiff wrote the following letter:

"June 23, 1922.

"In re $100,000.00 Kaufman, Texas, School Bonds, Dated June 10, 1922.

"Mr. R. J. Rowe, Mayor, Kaufman, Texas— Dear Sir: We hand you herewith copy of letter dated June 15th, from Mr. Chas. B. Wood, of the firm of Wood & Oakley, Chicago, to whom was submitted the transcript of proceedings in reference to the above issue, in accordance with the contract for purchase of the bonds by this firm. The bid of C. W. McNear & Co. was for bonds maturing in forty years, optional after fifteen years. You will note that Mr. Wood requires that the bonds be made optional in ten years. In other words, the bonds which Mr. Wood will approve are not the bonds which we bid for and which were awarded to us. For this reason, and in as much as the five year difference in the optional date has a very material effect on the price and attractiveness of the bonds from a market standpoint, we very much regret to have to advise you that we cannot take the bonds, and therefore request that you kindly return to the First National Bank of Kaufman, Texas, their cashier's check for $2,500.00, put up with you by our agent at the time of the sale as evidence of good faith with our bid.

"Very truly yours,

"C. W. McNear & Co."

It appears from the record that the letter copied just above was sent by plaintiff to H. B. Crosby at Dallas, Tex., who was at said time agent for plaintiff, and that Mr. Crosby as said agent brought both of said letters, the one from McNear & Co., and also the one from Chas. B. Wood, to, and delivered them to, the city officials of the city of Kaufman. The mayor and city council of the city of Kaufman refused to restore to plaintiff the $2,500 deposited as good-faith money, and plaintiff brought this suit to recover same, and at the same time sued out an injunction to restrain the city of Kaufman from cashing said check, which the trial court, on motion, ordered cashed and the proceeds deposited in the registry of the court, said suit having been filed July 10, 1922.

Chas. B. Wood is widely known as a bond lawyer. His opinions are universally accepted without question by individuals, corporations, and institutions purchasing municipal bonds. It further appears from the record that the ordinance changing the option of payment from 10 years to 15 years was in the bond transcript at the time Chas. B. Wood examined said transcript, but that he failed to see it, but there is no evidence in the record that plaintiff knew that Chas. B. Wood had overlooked and had not considered said 15-year option ordinance until after this suit was filed; and after plaintiff learned said fact and that the said Chas. B. Wood was willing to approve said bond issue with the 15-year option, based on said ordinance he had formerly overlooked, plaintiff offered to take said bonds as per the offer originally made, and to pay all damages, if any, sustained by defendants, but defendants had already sold said bonds to Stearn Bros. at the same price proposed to be paid by C. W. McNear & Co., said sale having been made to Stearn Bros. in August, 1922.

The court submitted the case on one special issue, to wit: "Does the evidence show that the managing officers of C. W. McNear & Co. acted in good faith in failing to comply with the terms of the contract for the purchase of the bonds in question?" which issue the jury answered, "No." The court entered judgment, denying to plaintiff the recovery of its $2,500 good-faith money, and awarded same to the city of Kaufman.

### Opinion.

[1, 2] Plaintiff, by its assignments of error, 1, 2, and 3, in substance complains of the action of the court in refusing to instruct a verdict in its favor, and by its assignment No. 4 complains of the submission of said

case to the jury. There is no doubt about the meaning of the contract. It is clear and unequivocal, and obligates plaintiff to take the bonds bid for and at the price stated, "provided that prior to the delivery of said bonds we are furnished with a complete certified transcript of the proceedings evidencing the legality of the same, to the satisfaction of Wood & Oakley, or other universally recognized bond attorneys mutually agreed upon." Plaintiff's bid was for bonds with an option of payment in fifteen years. That under this bid plaintiff was under no obligation to accept bonds containing option of payment in ten years is elementary, regardless of how good they may be, and, under said bid, plaintiff was under no obligation to take the bonds with the option of payment in 15 years until defendants furnished a complete certified transcript of the proceedings evidencing the legality of the same to the satisfaction of Wood & Oakley. The question here is not whether these bonds were legal; the question is not whether the opinion of the attorney was erroneous, nor whether the attorney made a mistake, but the all-important and controlling question is, did the bond transcript furnished evidence the legality of the 15-year option of payment bonds, bid for, to the satisfaction of Chas. B. Wood? This question is answered in the negative by Mr. Wood's letter of June 15, 1922. As said in City of Great Falls v. Theis (C. C.) 79 F. 943:

"It is a matter of common knowledge that municipal bonds and such like securities are bought and sold and hypothecated as the necessities or convenience of investors may require. Investors and financial agents who handle this class of paper for large amounts are in most instances but little acquainted with the proceedings upon which the validity of such paper depends. It is therefore necessary, to give such paper commercial value, to have an examination and certificate by lawyers capable of detecting irregularities and omissions of such a nature as to raise serious questions, and whose reputation is sufficient to command confidence, and give weight to their opinions in financial centers."

It was important to plaintiff to have the approval of Chas. B. Wood of the bonds bid for, to wit, $100,000, due in 40 years, with an option of payment in 15 years, not only that plaintiff might know they were good and legal, but to give them commercial value in financial centers. Both the ordinance providing for the 10-year option of payment and the one providing for the 15-year option were in the transcript, and we think it very probable that, in examining the transcript, the attorney examined the ordinance providing for the 10-year option, and overlooked the one for the 15-year option; but plaintiff did not know that he had not examined both of them, and could not presume he had not done so. It seems Mr. Wood, about the time he wrote the letter of June 15, 1922, went away to New England on his vacation and was not accessible for some time afterward. Plaintiff had bid for $100,000 Kaufman city school bonds, due in 40 years, optional in 15 years. The bond transcript had been made, duly certified, and furnished Mr. Wood with a view of securing his approval of the 15-year optional bonds for which the bid had been made. Mr. Wood, in his letter of June 15th, says:

"I will approve $100,000 school bonds of the city of Kaufman, Tex., dated June 10, 1922, provided: * * * (2) The ordinance directing the bonds to be issued and the bond form provide for bonds optional in ten years. * * * The issuance of these bonds will put this city up to its tax limit; that is, it has entirely exhausted its taxing power, and it cannot issue any more bonds for any purpose whatever, etc."

This was equivalent to saying he would not approve the bonds unless they were changed from the 15-year optional bonds bid for, to 10-year optional bonds not bid for, which was a plain refusal to approve the bonds for which plaintiff had bid. Plaintiff's bid was a conditional bid, conditioned upon the $2,500 good-faith money to the city of Kaufman. There was no material evidence raising any issue of fact for the jury. The trial court should have instructed a verdict for plaintiff. Plaintiff was entitled to recover its deposit of $2,500, with 6 per cent. interest on same from July 5, 1922, the time plaintiff demanded the return of said deposit. City of San Antonio v. Rollins & Sons (Tex. Civ. App.) 127 S. W. 1166; City of Amarillo v. Slayton & Co. (Tex. Civ. App.) 208 S. W. 967; City of Rome v. Breed et al., 21 Ga. App. 805, 95 S. E. 474; Municipal Securities Corporation v. Buhl Highway Dist., 35 Idaho, 377, 208 P. 233; Trowbridge v. City of New York, 24 Misc. Rep. 517, 53 N. Y. S. 616; City of Great Falls v. Theis (C. C.) 79 F. 943; Allen v. Pockwitz, 103 Cal. 85, 36 P. 1039, 42 Am. St. Rep. 99.

We sustain assignments of error, 1, 2, 3, and 4 by plaintiff in error, and reverse and render judgment against the city of Kaufman, Tex., R. J. Rowe, Mayor, and J. E. Carter, Secretary of said city of Kaufman, for $2,500, together with 6 per cent. interest on same from July 5, 1922, and all costs of this suit.

On Motion for Rehearing.

[3] We think appellees' motion for a rehearing, wherein complaint is made of our rendering a personal judgment against appellees for $2,500, with 6 per cent. interest from July 5, 1922, is well taken, and we hereby modify said judgment by rendering judgment that defendants in error take nothing as against C. W. McNear & Co., plaintiffs in error, and that plaintiff in error, C. W. McNear & Co., a corporation, recover of defendants in er-

ror the city of Kaufman, a municipal corporation, R. J. Rowe, the mayor of said city of Kaufman, and J. E. Carter, city secretary of the city of Kaufman, the title and possession of the check herein sued for in the sum of $2,500, held in the registry of the district court of Kaufman county, Tex., and that plaintiff in error, C. W. McNear & Co., have judgment as against all of said defendants in error for the proceeds of said check for $2,500 as held in the registry of the district court of Kaufman county, Tex.

In all other respects, said motion for a rehearing is hereby overruled. The cost of this motion is taxed against plaintiff in error, C. W. McNear & Co.