Milwaukee Company, Respondent, vs. City of Toma-
hawk and others, Appellants.

*September 9—October 7, 1941.*

454

*Frank E. Hebert* of Tomahawk, for the appellants.

For the respondent there was a brief by *Zimmers, Randall & Zimmers* of Milwaukee, and oral argument by *Clifford A. Randall.*

FAIRCHILD, J. Appellant's claim that the contract under which respondent seeks to recover its $2,000 is void is not well founded. Respondent's oral bid for the bonds was with the understanding that its contract of purchase was to be subject to the approving opinion of its attorneys as to the legality of the bond issue. And the written bid signed after the completion of bidding contained the same condition. Legality of the bond issue was considered by respondent's counsel who concluded not to give a final approving opinion on the bond issue until certain conditions were met. Such fact was communicated to appellant. Representatives of appellant advised respondent that it was planning to meet the objection by se-

curing passage by the legislature of a validating act. However, the city sold the bonds to another without notice of its intention to do so and without any tender of the bonds to respondent. To hold on these facts that a contract resulted which compels respondent to forfeit the amount it deposited would necessitate overlooking or holding as of no effect the provision in the advertisement for bids that the city might reject all bids and that the bidder was to make a deposit to insure the completion of the purchase if his bid were accepted. The rule is that the bid cannot create a contractual relation "unless by the terms of the statute and the advertisement a bid in pursuance thereof is, as a matter of law, an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers." *Molloy v. New Rochelle,* 198 N. Y. 402, 408, 92 N. E. 94.

In responding to the notice offering the bonds the bidder was not precluded from attaching the condition that its bid was subject to the approval of its attorneys. 44 C. J. p. 1218, § 4190. Its attorneys having disapproved of the bond issue, the bidder can recover its deposit, provided such disapproval is not fraudulent, capricious, or in bad faith. 44 C. J. p. 1218, § 4189; *Municipal Securities Corp. v. Buhl Highway Dist.* 35 Idaho, 377, 208 Pac. 233; *McNear & Co. v. Kaufman* (Tex. Civ. App.), 270 S. W. 211; *Thurman v. Omaha,* 64 Neb. 490, 90 N. W. 253. No question was raised either in the pleadings or on the trial as to the good faith or honesty of respondent's counsel in disapproving the bond issue, and the objection cannot be raised on this appeal.

As to appellant's contention that the contract arising out of the bid was invalid because not signed by the comptroller and approved as to form by the city attorney as required by sec. 62.15 (12), Stats., we agree with the trial court in its decision that "chapter 67 is the chapter which governs municipal borrowing and the provisions of that chapter alone must govern." The trial court said "the city certainly cannot

claim that it made a contract, void on its face, and still retain the money it required the plaintiff in good faith and in reliance thereon to deposit. On the other hand, it could not rely on the validity of the contract and profit under it if it fails to carry out the terms on its part to be performed, and retain the deposit. Not even municipal corporations can go that far."

*By the Court.*—Judgment affirmed.