THE STATE EX REL. TRAVELERS INDEMNITY COMPANY v. CHARLES H. DAUES ET AL., JUDGES OF ST. LOUIS COURT OF APPEALS.

Court en Banc, June 14, 1926.

**1. CERTIORARI: Court of Appeals: Conflict in Opinions: New Proposition.** Even if the Court of Appeals is wrong in its opinion deciding a new question, rendered in a case of which it has appellate jurisdiction, such fact is unavailing in a **certiorari** directed to that court. Upon new questions, and questions not heretofore ruled by this court, the opinion of the Court of Appeals, in a case of which it has jurisdiction, cannot be quashed in a **certiorari** proceeding, even though the opinion be wrong.

**2. ———: ———: ———: Wrong Decision: Whiskey Contract.** In **certiorari** directed to a court of appeals, based on an allegation that its decision conflicts with prior decisions of this court, the issue is conflict vel non, and what should be the law is not the issue; and where the Court of Appeals has ruled that an insurance policy insuring the owner of whiskey, bought and delivered while the war-time Prohibition Act was in force, was a valid contract, the only issue is whether this court has ruled to the contrary, and not whether the decision wrongly declares the law.

**3. INSURANCE CONTRACT: Indemnity against Theft of Whiskey: Prohibition Act: Conflict in Decisions.** This court has not decided that it was unlawful to acquire whiskey by purchase while the war-time Prohibition Act was in force, and consequently the Court of Appeals in deciding that an insurance policy indemnifying against loss by theft whiskey purchased while that act was in force and delivered before the National Prohibition Act went into effect was a valid contract, contravened no prior decision of this court. **Held**, by WALKER, J., dissenting, with whom RAGLAND, J., concurs, that the war-time Prohibition Act declared the sale of distilled liquor for beverage purposes unlawful, and the Court of Appeals in ruling otherwise contravened the decision of this court in Sprague v. Rooney, 104 Mo. l. c. 358, declaring that "a contract, expressed or implied, based on

an illegal consideration, whether that consideration appear on the face of the contract or be proved **aliunde**, cannot be enforced either at law or in equity" and that "the moment the illegality of the contract is disclosed the gates of legal and equitable relief and remedy are shut against the part who seeks to enforce such a contract," and also contravened the decision in Sumner v. Sumners, 54 Mo. 340, and Burgess v. Pan. Amer. Life Ins. Co., 230 S. W. 315.

Corpus Juris-Cyc. References: **Contracts**, 13 C. J., Section 341, p. 411, n. 1; Section 352, p. 421, n. 81. **Courts**, 15 C. J., Section 511, p. 1079, n. 42.

## *Certiorari*

WRIT QUASHED.

*Jones, Hocker, Sullivan & Angert* and *Ralph T. Finley* for relator.

(1) The whiskey covered by the policy sued on having been admittedly acquired in violation of the War-Time Prohibition Act, the plaintiff, Herman Kistenmacher, acquired no title thereto nor insurable interest therein, because the contract or transaction by which he acquired possession of the whiskey was void. In holding that he could recover under such circumstances, the opinion of respondents is contrary to the rule of the Supreme Court that where an act is prohibited (save in case of penalties provided merely as fiscal expedients or excise regulations) or declared unlawful, such act is itself void and a contract founded thereon is void, even though the law does not so expressly declare. Tri-State Amusement Co. v. Amusement Co., 192 Mo. 415, 423; State ex rel. Fire Ins. Co. v. Cox, 306 Mo. 544; Haggarty v. Ice Co., 143 Mo. 238; Downing v. Ringer, 7 Mo. 585; Heller v. Lutz, 254 Mo. 704; O'Bannon v. Wydick, 281 Mo. 478; Sprague v. Rooney, 104 Mo. 359; Mill & Lumber Co. v. Sims, 197 Mo. 507; Roeder v. Robertson, 202 Mo. 537; United Shoe Machine Co. v. Ramlose, 210 Mo. 649; Zinc & Lead Co. v. Mining Co., 221 Mo. 15; State v. Railroad, 242 Mo. 339; State v. Railroad, 253 Mo. 642; Booth v. Scott, 276 Mo. 31; Kitchen v. Greenebaum, 61 Mo. 110; Reichardt v. Hill, 236 Fed. 817. (2) The sale of whiskey for beverage purposes, without requisite authority or permits, is illegal and void, both under the War-Time Prohibition Act and the Eighteenth Amendment. Both acts were enforceable under the enforcement provisions of the National Prohibition Act of October 28, 1919, carrying severe penalties, even prior to January 16, 1920, the date on which it is conceded by Kistenmacher that he acquired possession of the whiskey. War-Time Prohibition Act, U. S. Comp. Stats., Supp. 1919, Vol. 1, p. 795, sec. 3115, 11/12f, Fed. Stats. Annotated, Supp. 1919, p. 199; Eighteenth Amendment, Fed. Stats. Annotated, Supp. 1919, p. 839;

National Prohibition Act, Fed. Stats. Annotated, Supp. 1919, p. 202; National Prohibition Cases, 253 U. S. 350; Ruppert v. Caffey, 251 U. S. 264; Harkins v. Provenzo, 189 N. Y. S. 258; Vinventi v. United States, 272 Fed. 114; United States v. Minery, 259 Fed. 707; Hamilton v. Warehouse Co., 251 U. S. 146. The exception in the prohibition laws, permitting the keeping of whiskey already acquired for personal use, refers to whiskey which was lawfully acquired prior to the taking effect of the prohibition laws. Murphy v. St. Joseph Transfer Co., 235 S. W. 138; Hall v. Moran, 89 So. (Fla.) 104; Street v. Safe Deposit Co., 254 U. S. 90; Fitzhugh v. Mitchell, 277 Fed. 966. (3) In holding that the illegal transaction by which the plaintiff acquired possession of the whiskey was only remotely connected with the insurance contract and that the plaintiff can recover because he could make out his case without disclosing the illegal transaction the majority opinion is contrary to the following decisions of the Supreme Court, which hold that the illegality necessary to defeat the plaintiff need not appear on the face of the contract. If the contract by which he acquired the whiskey was void, as it certainly was under all the cases, then the plaintiff acquired no title to or insurable interest therein. State ex rel. v. Cox, 306 Mo. 537; 33 C. J. 660; Benton v. Hope, 19 La. Ann. 463; Russell v. DeGrand, 15 Mass. 35; Duncanson v. McClure, 4 Dallas (U. S.) 308.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) There is no conflict between the opinion of the Court of Appeals in the present case and any decision of the Supreme Court, and, hence, this proceeding should not be entertained by this court. The insurance company, the petitioner herein, bases its claim for review of the opinion upon the assertion that the majority opinion is contrary to the ruling of our Supreme Court in Sumner v. Summers, 54 Mo. 340; Burgess v. Insurance Co., 230 S. W. 315. (2) This case is not identical or in conflict with State ex rel. Insurance Co. v. Cox, 268 S. W. 87. There the Missouri statute expressly provides that if party selling an automobile "without the assignment of such certificate of ownership the sale shall be fraudulent and void."

GRAVES, J.—Upon re-assignment this cause has fallen to me. It is an original proceeding here in *certiorari,* to quash the record of the St. Louis Court of Appeals in the case of Herman Kistenmacher v. Travelers Indemnity Company, recently pending, and decided by the St. Louis Court of Appeals. The only question in the case is the alleged conflict of opinions. The opinion of the Court of Appeals is short, and we think well reasoned (if its soundness of reasoning were

a question here), and that all the facts may be before us we quote such opinion in full, as follows:

"This is an action brought by plaintiff against defendant to recover on a policy of burglary insurance, dated March 8, 1920, covering household goods, articles of silverware, wines, liquors, beverages etc.

"Plaintiffs alleged that on October 29, 1920, he suffered a loss of two barrels of whiskey and a twenty-four-piece set of silverware. The whiskey was alleged to be worth $2,000 a barrel, and the silverware $100. The amount of indemnity for the liquor was $3,000. Plaintiff asked judgment for $3,100.

"The defendant, in its amended answer, upon which it went to trial, pleaded as a defense, among other things, that the plaintiff had acquired no title to the whisky which was stolen, and had no insurable interest therein, because the same was acquired in violation of law.

"The reply was a general denial.

"At the close of the whole case the parties, in open court, agreed to waive the trial by a jury. The jury was discharged and the cause submitted to the court, sitting as a jury. The court, after refusing certain declarations of law requested by defendant, found the issues for plaintiff, and defendant appeals.

"The evidence discloses that plaintiff paid the premiums on the policy in suit. At the time the policy was issued he was living at 4533 Wichita Avenue in the city of St. Louis. The premises where he lived consisted of a two-family flat. The plaintiff occupied the upstairs portion of the building and also the basement. He had lived there almost two years prior to the issuance of the policy. His brother-in-law owed him $3,000 in borrowed money, and, being unable to repay him in cash, according to plaintiff's testimony, the brother-in-law, Theodore Lutz, who had been a dealer in liquors, paid plaintiff the debt he owed him with two barrels of whiskey, which were delivered to plaintiff on the 16th of January, 1920, and a few hours before the Volstead law went into effect. Lutz had borrowed the money from plaintiff during the year 1919 in several different amounts, totaling the sum of $3,000. The whiskey was agreed upon as a method of paying the debt about the 14th or 15th of January, 1920. On October 29, 1920, while plaintiff and his wife were away from home, someone entered the premises, broke the lock upon the locker in the basement, and removed the whiskey from the barrels. Plaintiff testified that he immediately notified the defendant of his loss, but the written proofs of loss were not made until he was visited by an adjuster for the defendant on March 8, 1921. In these written proofs of loss he gave the date of the acquirement of the whiskey as March 5, 1920. However, he explained that in his tes-

timony, and there is substantial testimony to show that the whiskey was acquired by plaintiff, and the delivery made to him, prior to the taking effect of the Volstead Act.

"There is considerable testimony brought out on cross-examination as to the amount of salary plaintiff was receiving, for the purpose of showing that the sale as made by the brother-in-law to plaintiff was not a bona-fide transaction. But the finding of the court in a law case is conclusive upon appeal when supported by substantial evidence, and there is ample evidence to sustain the finding that the sale was actually made to plaintiff or attempted to be made on the date above mentioned by plaintiff.

"Plaintiff also offered in evidence the second amended answer filed by defendant, which admitted the loss of the silverware of the value of $100. In view of the questions presented on this appeal, it becomes unnecessary to further refer to the facts at this time.

"The points made by defendant, and urged as grounds for a reversal of this case, are nine in number, but when considered are really boiled down to two. The first is that plaintiff had no insurable interest in this property, because, even conceding that it was purchased during the time the war-time Prohibition Act was in effect, and prior to the taking effect of the National Prohibition Act, such purchase was made in violation of law, and, therefore, plaintiff acquired no insurable interest. The second proposition urged by defendant is that there was nothing to show the value of the silverware.

"It is a well-settled proposition of law, and one invoked by the plaintiff in this case, that when a contract is only connected in a remote way with an unlawful transaction, if such contract is supported by an independent consideration, and plaintiff can make out his case without relying upon the unlawful transaction, the contract is valid and should be enforced. The defendant contends, however, that plaintiff cannot make out his case without relying upon the unlawful sale of the whiskey to plaintiff by Lutz. Among the cases relied upon by defendant to support its contention is the case of State ex rel. Connecticut Fire Ins. Co. v. Cox, 268 S. W. 87. In that case one Howell sued an insurance company on a policy of fire insurance. The Supreme Court held that he could not maintain the action against the insurance company, because he had no insurable interest in the automobile, the reason of this being that he had failed to comply with the mandatory terms of the statute in the purchase of the car. The law made certain requirements with respect to the assignment of the certificate of ownership, and specifically provided that in case these requirements were not followed such an attempted sale 'shall be fraudulent and void.' The war-time Prohibition Act nowhere undertook to destroy the title to whiskey purchased in violation of its provisions, but provided a penalty for its violation. The

National Prohibition Act, or what is sometimes called the Volstead law, prohibited the title being taken to whiskey procured or attempted to be procured in an unlawful manner. Prior to the enactment of the National Prohibition Act, whiskey was recognized as property. [Amos v. United States, 255 U. S. 313; Voorhies v. United States, 299 Fed. 275.] As we stated before, there is substantial evidence to show that the purchase was made prior to the date the National Prohibition Act went into effect. At that time the mere possession of whiskey was not unlawful, and the evidence does not disclose that plaintiff intended to use it for an unlawful purpose. There is a difference between enforcing an insurance contract insuring things which it is unlawful for one to have in his possession—such as counterfeit coins, lottery tickets and gambling implements—and insuring whiskey which plaintiff had a lawful right to have in his possession and use in the manner which he indicated that he intended to use this, namely, for himself and his bona-fide guests. [Voorhies v. United States, supra.]

"If the evidence had disclosed in this case that the defendant undertook to insure plaintiff in an unlawful, illegal business, a different result would be reached. But, prior to the taking effect of the National Prohibition Act whiskey was recognized as property, and the mere fact that plaintiff had the whiskey in his possession did not necessarily indicate that he intended to violate the law by making an illegal use of the same. In fact, the evidence shows to the contrary. [Kellogg v. German-American Ins. Co., 133 Mo. App. 391, 113 S. W. 663.] Nothing in the contract of insurance indicates any purpose or intention to violate the law, and we cannot say, as a matter of law, that plaintiff entered into a contract of insurance to protect himself in illegal acts. There was a valid consideration. The defendant accepted plaintiff's money, and still has it. The question of how plaintiff obtained the whiskey is merely incidental in this case, and the insurance was not necessarily intended to encourage acts in violation of law.

"As above stated, the war-time Prohibition Act did not declare that no title should pass to whiskey bought in violation of its terms, but merely provided a penalty. Nor is there anything in the laws of this State declaring such a contract of insurance as this void; and, therefore, we are of the opinion that it ought to be enforced against the company. [Lumberman's Mut. Ins. Co. v. R. Co., 149 Mo. 165, 50 S. W. 281.] Among the cases supporting this conclusion may be cited the following: Niagara F. Ins. Co. v. DeGraff, 12 Mich. 124; Armstrong v. Toler, 11 Wheat. (U. S.) 258; Erb v. German-American Ins. Co., 98 Iowa, 606; Mechanics' Ins. Co. v. Hoover Distilling Co., 182 Fed. 590.

"It is also contended that there was nothing to show the value of the silverware. However, defendant, in its second amended answer filed in this case, and which was introduced in evidence, admitted that the silverware was of the value of $100, and it is in no position to complain at this time.

"We are of the opinion that the judgment should be affirmed."

As said, supra, the only question before us is the one of conflict of opinions. Even if the Court of Appeals is wrong in its opinion, such fact is unavailing in this action, unless the said opinion conflicts with one or more opinions of this court, which the Court of Appeals failed or refused to follow. The case before the Court of Appeals, by appeal from the circuit court, was one within the jurisdiction of the Court of Appeals, and its action therein is final, unless such court has failed to follow some previous rulings of this court. Upon new questions and questions not heretofore ruled by this court, the Court of Appeals may even decide wrong, and yet there would be no remedy in this kind of a proceeding. So we proceed to the alleged conflict of opinions, in the paragraphs to follow.

I. The Court of Appeals ruled (1) that there was evidence upon which the trial court could find (as it did find) that the whiskey was acquired before the National Prohibition (Volstead) Act went into effect; (2) that it was acquired under the war-time Prohibition Act, and that such act did not destroy title to the whiskey, but only provided a penalty for a violation of the act; (3) that prior to the National Prohibition Act, and after the war-time Prohibition Act, whiskey was recognized and held to be property; (4) that possession of whiskey was not unlawful under the war-time Prohibition Act, and that there was no evidence that plaintiff in the circuit court action was using the whiskey in an unlawful manner, although he had it in his possession, and (5) that under the facts of the case there was nothing to show that the plaintiff in the circuit court suit did not have an insurable interest therein, and further: "There is a difference between enforcing an insurance contract insuring things which it is unlawful for one to have in his possession—such as counterfeit coins, lottery tickets and gambling instruments—and insuring whiskey which plaintiff had a lawful right to have in his possession and use in the manner which he indicated that he intended to use this, namely, for himself and his bona-fide guests. [Voorhies v. United States, supra.]"

The ultimate question involved is what title, if any, was acquired in whiskey purchased and paid for under the war-time Prohibition Act, where there was no intent to use the same further than for private use. If there was property in whiskey, as the Court of Appeals ruled, then it was insurable. But of this further in the following paragraphs.

II. We are cited to no case from this court holding, (1) that whiskey was not property, and not insurable property under the war-time Prohibition Act, or (2) that there was no insurable interest therein. Absent a ruling of this court upon the question, the Court of Appeals was at liberty to blaze the way in this new field.

To a great extent both sides have briefed this case on the theory that it was here upon appeal. We shall not be led astray by this course of presenting the case. We shall dispose of the case upon the theory of conflict or no conflict. It is a useless expenditure of vital energy for counsel to make elaborate briefs upon what they think should be the law in the case decided by the Court of Appeals, in a *certiorari* proceeding of this character. They should confine briefs to the issue to be determined in such a case. As said, supra, no case in this court has been cited to us, wherein the interest and title to whiskey by a purchaser under the war-time Prohibition Act has been passed upon by this court. Nor is there cited an analogous case. The cases of Sumner v. Summers, 54 Mo. 340, and State ex rel. v. Cox, 306 Mo. 537, are among those cited. Neither of them involve the question presented to the Court of Appeals in this case. In Sumner v. Summers, supra, we have a suit upon a note, a part of the consideration of which was the agreement not to further prosecute a charge of felony. There the unlawful act and agreement was a part and parcel of the contract in suit, and was an act between the parties. The rule there is not involved in the case at bar. In State ex rel. v. Cox, supra, we find nothing in conflict with the ruling of the Court of Appeals. The ruling is briefly stated in the single syllabus to the opinion, thus:

"The provision of the Motor Vehicle Act of 1921 (Laws 1921, Ex. Sess., p. 90, sec. 18), requiring the assignment by the holder of a certificate of ownership of an automobile, in case of sale, to be made upon the back of the certificate and returned as a part of said certificate to the commissioner, is mandatory, and therefore the execution and delivery of a separate bill of sale, by such owner, to a purchaser, is not a substantial compliance with said law. Said act declared in express terms that a sale of an automobile shall be declared fraudulent and void, unless the vendor attaches his signature to the assignment on the back of the certificate of title, and courts cannot by judicial construction say that a separate bill of sale is valid. The requirements of the act, being mandatory, cannot be dispensed with and some other method of assignment be substituted in lieu thereof; and the Court of Appeals in ruling to the contrary, and in holding that other methods amount to substantial compliance, contravened the construction often placed by this court upon laws of a similar nature."

This case is passing upon an act which made a sale and transfer of an automobile fraudulent and void unless the assignment upon the back of the certificate of title, issued by the Secretary of State, was duly executed and returned to such officer. It passes upon no question involved in the case before us. Other cases cited are not as near the point as the two we have mentioned. So, until this court shall give a construction of the war-time Prohibition Act, and the interest and title to whiskey bought thereunder, the Courts of Appeals have a clear field for their own views of the law. We do not desire to go further than to say, that we find no conflict between the opinion of the Court of Appeals in this case, and our cases. So finding, our writ should be quashed, and the record of the Court of Appeals thus left to stand.

It is so ordered. All concur, except *Walker, J.,* who dissents, and *Ragland, J.,* who dissents and concurs with the dissent of *Walker, J.*

WALKER J. (dissenting).—I do not concur in the reasoning or conclusions of the majority opinion. Under the war-time Prohibition Act, adopted August 10, 1917 (Fed. Stat. Ann., 1919, Supp. p. 199), the sale of distilled liquors for beverage purposes was declared to be unlawful until the conclusion of the World War and thereafter until the termination of demobilization be proclaimed by the President of the United States. It is admitted that this sale was made while this statue was operative—and, as we are not authorized in presuming a further violation of the law than that shown by the facts—the conclusion is authorized that the liquor was bought by the insured for beverage purposes and not for resale. This does not lessen the offense or lend a flavor of legality to the transaction. It is the sale that is absolutely forbidden. Consummated in violation of an express statute its illegality affects all persons connected therewith, without regard to the reason of the inhibition it contains or the morality or immorality of the act against which it is leveled. This is so without regard to the ignorance of the parties to the prohibitions of the statute. Under our classification of criminal offenses, the penalty, prescribed for a violation of the Federal act referred to, authorizes its designation as a misdemeanor. The character of the offense, however, does not lessen the illegality of the transaction. One cannot contract with another to commit a misdemeanor. Although the offense which renders the contract based thereon void, may be but *malum prohibitum,* its basis for a contract is equally as insecure as if it were *malum in se,* since in principle there is nothing which should cause a different result in the one case rather than in the other. [Haggerty v. Ice Mfg. & S. Co., 143 Mo. 238.]

Nor does it matter in what manner the illegality of the contract is shown so far as it affects its vitiating effect. In Sprague v.

Rooney, 104 Mo. l. c. 358, SHERWOOD, J., in discussing this question said:

"If there be one principle of the law well settled it is this: That a contract, expressed or implied, based on an illegal consideration, whether that consideration appear on the face of the contract or be proved *aliunde*, cannot be enforced either at law or in equity; that the moment the illegality of the contract is disclosed the gates of legal and equitable relief and remedy are at once shut against the party who seeks to enforce such a contract. Nor is it necessary that such a contract, when it violates the provisions of a statute, should be declared void by that statute in order that the courts should refuse to enforce it, when relief based upon it is asked at their hands. These positions are sustained, perhaps, by as great an array of authorities as is to be found on any other topic of the law." (Citing and discussing numerous cases).

The sale of liquors for beverage purposes being forbidden by a constitutional statute, a contract based upon or arising out of such sale, if held valid would be to enforce that which the law has forbidden, and to give effect to that which Congress has declared void, or as has been judicially declared, effect the repeal of a law by judicial construction. [Hancock v. Yaden, 121 Ind. 366, 16 Am. St. 396, 6 L. R. A. 576; 6 R. C. L. secs. 106, 107, p. 701 and notes; 13 C. J. sec. 341, p. 411 and notes; 65 Am. St. Rep. 647, 40 L. R. A. 51.]

As a summary of what has heretofore been said, we find no more succinct statement of the rule than that found in an old English case as follows: "Every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is a void contract, tho' the statute itself doth not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, tho' there are no prohibitory words in the statute." [Bartlett v. Vinor, Carthew, 251, 90 Reprint, 750; 13 Cyc. sec. 352, p. 42 and notes.]

The illegality of the action of the insured in purchasing the liquor in violation of a prohibitory statute did not end when he acquired possession of the same, but was present with paralyzing effect when he entered into the contract with the Indemnity Company for its insurance. In holding to the contrary the Court of Appeals not only ran counter to the rule of this court, as laid down in Sumner v. Summers, 54 Mo. 340, and Burgess v. Pan. Amer. Life Ins. Co., 230 S. W. (Mo.) 315, cited by the relator, but to many other cases here and elsewhere in which the subject has been discussed.

The record of the Court of Appeals, therefore, so far as it holds that the policyholder (Kistenmacher) is entitled to recover for the whiskey insured, should be quashed.