SAM BARONE ET AL., RESPONDENTS, v. GLENS FALLS INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2855. p. 884, n. 37; Fire Insurance, 26CJ, section 746, p. 532, n. 87; Motor Vehicles, 42CJ, section 240, p. 750, n. 31.

*Charles W. Crossan, M. D. Campbell* and *G. C. Weatherby* for respondent.

*Charles C. Crow* for appellant.

WILLIAMS, C.—This case comes to us on an appeal from the circuit court of Adair county, and is an action on an insurance policy for the loss of an automobile bus. The case was tried before the court without the aid of a jury.

The record shows that the respondents were brothers-in-law and engaged in the business of carrying passengers for hire between Eighteenth and Central streets in Kansas City, Kansas, and the Union Station in Kansas City, Missouri, and also carrying passengers from the Union Station in Kansas City, Missouri to the Union Station in Kansas City, Kansas. Business was conducted in the name of Interstate Bus Line.

Early in 1921 the respondents occupied a place at Fifth and Bluff in Kansas City, Missouri, where the busses; or a part of them, were kept at night. At the time of the fire respondents had moved across the street for the storage of their cars, and were occupying a building that had been an old fire station. There is substantial evidence that the respondents lived in Kansas City, Kansas, at the time they bought the bus in question. The bus that was destroyed and for which suit was brought, was purchased by respondents from one Rugg in October, 1919. Rugg was operating this bus in interstate business. Rugg delivered to respondents a bill of sale which seems to comply with the Kansas law. There was no question made as to the issuance and delivery of the policy. A stipulation was offered in evidence in which it was agreed that the bus was sold to Barone by Rugg in September, 1919 for $2800 in cash and a Buick automobile valued at $1200. The trial resulted in a judgment for the plaintiff for the sum of $2400. Respondents, after an unsuccessful motion for a new trial, bring the case here on appeal.

While the defendant contended that the property was burned by plaintiffs, the finding of the trial court precludes a consideration of that question here, and but two questions are presented by appellant. The first is; that respondents were not the owners of the car. This turns upon the question as to whether or not respondents were compelled to comply with the Missouri law in regard to procuring a certificate of title from the Secretary of State. In support

of this contention appellant cites the case of State ex rel. v. Cox, 306 Mo. 537; Mathes v. Ins. Co. (S. W.), June 20, 1928, Vol. 6 (2 Ed.), No. 1, page 66, l. c. 68; State ex rel. v. Daues, 315 Mo. 22.

However, none of the cases cited have in them the question of interstate commerce.

There was substantial evidence, and the court found, that the Interstate Bus Line was engaged in interstate business and that the bus was transferred between residents of the State of Kansas, and they complied with the law of Kansas as to the purchase of the automobile, that is, received a bill of sale.

It was held in Baker & Lasley v. Ins. Co., 230 S. W. 336, that admitted facts, such as appear in the record in this case, create an inference that the ownership was in the respondents at the time of the fire. The case of Platner v. Bourne, 275 S. W. 590, upon a careful reading, shows that the automobile was bought for use in Missouri, was kept in Missouri and was not used in interstate business. We think, therefore, that the respondents were not required to procure the certificate of title according to the laws of Missouri, when engaged in interstate traffic. There was evidence, however, from which the court could have found that the respondents were residents of Missouri, but it did not so find. This court will look no further than to determine whether the finding of the court sitting as a jury, was supported by substantial evidence. [Palmer v. Moyers, 298 S. W. 101.]

The appellant next assigns as error the exclusion of certain testimony which it is contended showed that plaintiff burned the property sued for. The evidence consists of an ordinance of Kansas City, Missouri, prohibiting the carrying of passengers, under conditions contended to be applicable to respondent's business, and further that one of respondents was indebted in large amounts and had judgments against him. This might show a motive, and if the actions of "Tony" could have been brought home to the respondents, the whole of the evidence might have been competent. However, there was no showing that the respondents had any knowledge of "Tony's" actions. We do not think the mere fact that one of the partners was involved in debt or that their business was threatened, would be evidence to show that defendants' burned, or caused to be burned, the automobile in question.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.