(No. 5496.   September 22, 1930.)

JAMES S. NOALL, Appellant, v. GEORGE B. DICKIN-
    SON  and  BERTHA  DICKINSON,  Doing  Business
    Under the Name of the REX THEATRE, Respondents.

[292 Pac. 219.]

F. L. Soule, for Appellant.

E. H. Hillman, George H. Lowe and George Ambrose, for Respondents.

GIVENS, C. J.—■ November 19, 1927, at St. Anthony, respondents issued and delivered to E. H. Steele their check in the sum of $550. In the lower left-hand corner was written "due 12–19–27." Thus in effect the check was a note. The check was given in part payment for a Dempsey-Tunney prize-fight film. The payee, Steele, indorsed the check and delivered it to his employer, Strike, in Salt Lake City who in turn delivered it to the appellant in this action without indorsing it (it was later indorsed) in part payment of a promissory note for $9,361 which Strike owed appellant for which credit was entered on the latter note.

Geo. H. Lowe, an attorney of St. Anthony, wrote the name of the payee on the check in question and respondents contend that in doing so he drew one or two lines through the words "the order of," thus rendering the note non-negotiable. Appellant contends that the lines were merely part of a flourish used in executing the initial "E" of payee's name in scroll form, such lines incidentally running through the words "the order of."

Respondents displayed the film for money in Idaho.

To this action brought upon the check three defenses were interposed: (1) Fraudulent representations in the sale of the picture. (2) Breach of contract in the sale of another picture, *The Red Kimona*. (3) Conspiracy on the part of Steel, Strike and others to violate the federal statutes by transporting a prize-fight film in interstate commerce.

The court found that the note was non-negotiable; that there was no fraud in the sale of the picture for which it was given; that there was no breach of contract in the sale of the other picture, *The Red Kimona*, but that the check in question was given in connection with the illegal

transportation of a prize-fight film from state to state and refused to enforce its payment. The first three findings are justified by the evidence and need not be considered further.

We will take up the question of whether the check or note was given in connection with an illegal transaction. If it was not, even though appellant was not a holder in due course, he was entitled to recover.

Respondents were very careful not only to introduce no evidence which would show any connection between them and the transportation of the film but introduced positive evidence that when negotiations were first begun with them, the film was already in the state of Idaho; that they realized the danger of being connected with its transportation and in this connection communicated with the United States district attorney for Idaho. At all times, by their testimony, they reiterated that they were in no way connected with its transportation.

The federal statute in question (Act of July 31, 1912, chap. 263, 37 Stats. 240, 18 U. S. C. A., secs. 405, 407) does not prohibit the exhibition of prize-fight films within a state but merely prohibits and makes criminal their interstate transportation. (*Cullen v. Esola*, 21 Fed. (2d) 877; *Consolidated Amusement Co. v. Gober*, 22 Fed. (2d) 296; *Rose v. St. Clair*, 28 Fed. (2d) 189; *United States v. Johnston*, 232 Fed. 970; *Weber v. Freed*, 239 U. S. 325, Ann. Cas. 1916C, 317, 36 Sup. Ct. 131, 60 L. ed. 308.)

The record discloses without contradiction that when negotiations were begun with respondents and the sale of the film to them consummated, the transportation in interstate commerce of the film had entirely ceased, was a closed incident, and respondents had nothing to do therewith. The contract of purchase, therefore, the basis of the giving of the note or check in question here, is not shown by anything in the record to have been illegal (*Dinkelspeel v. O'Day*, 47 Utah, 18, 151 Pac. 344) and therefore constitutes no defense to the action on the check or note.

See, also, *Municipal Securities Corp. v. Buhl Highway District* (on rehearing), 35 Ida. 377, 208 Pac. 233; *Irvine v. Postal Tel. Co.*, 37 Cal. App. 60, 173 Pac. 487; *McCahan v. McCahan*, 47 Cal. App. 176, 190 Pac. 460; *Kistenmacher v. Travelers' Indemnity Co.*, (Mo. App.) 273 S. W. 125; *State v. Daues*, 315 Mo. 22, 285 S. W. 479; *Dodd v. Rawleigh*, (Tex. Civ.) 203 S. W. 131.

The judgment is reversed and the cause remanded, with instructions to enter judgment for the appellant.

Costs awarded to appellant.

Budge, Lee, Varian and McNaughton, JJ., concur.